**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02994-WYD-BNB

ERIC BRANDT,

     Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality,

MAYOR HERB ATCHISON, in his official and individual capacity, and

WESTMINSTER POLICE OFFICER PAUL E. NEWTON, in his official and individual capacity,

     Defendants.

_____

**DEFENDANT PAUL E. NEWTON'S ANSWER TO COMPLAINT**
_____

Defendant Paul E. Newton ("Officer Newton"), by and through his undersigned counsel Josh A. Marks and Jeff M. Van der Veer of Berg Hill Greenleaf & Ruscitti, LLP, hereby answers Plaintiff's Complaint as follows:

**<u>ANSWER TO PRELIMINARY STATEMENT</u>**

1.     Officer Newton admits that Plaintiff has brought claims under 42 U.S.C. § 1983. The remaining allegations of paragraph 1 of the Complaint summarize Plaintiff's theory of relief and do not contain factual allegations requiring a response. Officer Newton denies that he violated any of Plaintiff's constitutional rights or that Plaintiff is entitled to relief.

2.      Officer Newton admits that, on August 11, 2014, Plaintiff was permitted to address the Westminster City Council.   Officer Newton admits that Plaintiff was removed from the City Council chambers and arrested.   Officer Newton admits that there is an audiotape of the Westminster City Council meeting on August 11, 2014. Officer Newton lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 2.   Paragraph 2 also contains several legal conclusions to which no response is required.

## ANSWER TO JURISDICTION AND VENUE

3.      Admitted.

4.      Admitted.

## ANSWER TO PARTIES

5.      Officer Newton lacks sufficient knowledge or information to admit or deny the allegations of paragraph 5 of the Complaint, and thus Officer Newton denies the same.

6.      Officer Newton admits that he is a citizen of the United States and a resident of Colorado.   The remaining allegations of paragraph 6 consist of legal conclusions to which no response is required, or consist of allegations that Officer Newton lacks sufficient knowledge or information to admit or deny, and thus Officer Newton denies the same.

7.      Officer Newton admits that the City of Westminster is a municipality.  The remaining allegations of paragraph 7 consist of legal conclusions to which no response is required, or consist of allegations that Officer Newton lacks sufficient knowledge or information to admit or deny, and thus Officer Newton denies the same.

8.      Officer Newton admits that he acted under color of state law at all times relevant to the Complaint.  The remaining allegations of paragraph 8 are directed at other defendants, and thus Officer Newton lacks sufficient knowledge and information to admit or deny the allegations contained therein.

## ANSWER TO FACTUAL ALLEGATIONS

8.      Admitted.[1]

9.      Officer Newton lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 of the Complaint, and thus Officer Newton denies the same.

10.      Officer Newton lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 of the Complaint, and thus Officer Newton denies the same.

11.      Officer Newton admits that Mr. Brandt addressed the council.  Officer Newton lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 11 of the Complaint, and thus Officer Newton denies the same.

12.      Denied.

---

[1] Plaintiff's Complaint contains two paragraphs numbered "8."  For the sake of consistency, the Answer will follow the same numbering.

13.     Officer Newton admits that Mr. Brandt would not stop his speech.  Officer Newton denies the remaining allegations of paragraph 13 of the Complaint.

14.     Denied.

15.     Admitted.

16.     Officer Newton lacks sufficient knowledge or information to admit or deny the allegations of paragraph 16 of the Complaint, and thus Officer Newton denies the same.

17.     Officer Newton lacks sufficient knowledge or information to admit or deny the allegations of paragraph 17 of the Complaint, and thus Officer Newton denies the same.

**ANSWER TO FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – First Amendment Violation Regarding Free Speech)**

18.     Officer Newton incorporates the answers above in response to paragraph 18 of the Complaint.

19.     The allegations in paragraph 19 of the Complaint contain legal conclusions to which no response from Officer Newton is required. To any extent paragraph 19 is construed as requiring a response, Officer Newton denies the same.

20.     Denied.

21.     Officer Newton admits that he acted under color of state law.  The remaining allegations of paragraph 21 are directed at other defendants, and thus Officer Newton lacks sufficient knowledge and information to admit or deny the allegations contained therein.

21.     Officer Newton lacks sufficient knowledge or information to admit or deny the allegations of paragraph 21[2] of the Complaint, and thus Officer Newton denies the same.  Paragraph 21 also contains legal conclusions to which no response is required.

22.     The allegations in paragraph 22 of the Complaint contain legal conclusions to which no response from Officer Newton is required. To any extent paragraph 22 is construed as requiring a response, Officer Newton denies the same.

### ANSWER TO SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Violation – First Amendment
Retaliation for Free Speech)**

23.     Officer Newton incorporates the answers above in response to paragraph 23 of the Complaint.

24.     The allegations in paragraph 24 of the Complaint contain legal conclusions to which no response from Officer Newton is required. To any extent paragraph 24 is construed as requiring a response, Officer Newton lacks sufficient knowledge or information to admit or deny the allegations, and thus Officer Newton denies the same.

25.     Officer Newton denies that Plaintiff was arrested because the defendants disapproved of Plaintiff's message or in retaliation for the content of Plaintiff's message. The remaining allegations of paragraph 25 contain legal conclusions to which no response from Officer Newton is required.

---

[2]  Plaintiff's Complaint contains two paragraphs numbered "21."  For the sake of consistency, the Answer will follow the same numbering.

26.     Officer Newton admits that he acted under color of state law.   Officer Newton denies that he acted unlawfully, or that he retaliated against Plaintiff.   The remaining allegations of paragraph 26 are directed at other defendants, and thus Officer Newton lacks sufficient knowledge and information to admit or deny the allegations contained therein.

### ANSWER TO THIRD CLAIM FOR RELIEF
**(42 U.S.C. § 1983 – Fourth Amendment Violation)**

27.     Officer Newton incorporates the answers above in response to paragraph 27 of the Complaint.

28.     Officer Newton admits that Plaintiff was arrested.   Officer Newton denies the remaining allegations contained in paragraph 28.

29.     Denied.

30.     Officer Newton admits that he acted under color of state law.   The remaining allegations of paragraph 30 are directed at other defendants, and thus Officer Newton lacks sufficient knowledge and information to admit or deny the allegations contained therein.

### GENERAL DENIAL

Officer Newton denies any allegation in the Complaint that is not specifically admitted in this Answer.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim against Officer Newton upon which relief can be granted.

2.      Officer Newton may be entitled to qualified immunity, as well as any other applicable immunity, including absolute immunity.

3.      Officer Newton's arrest of Plaintiff was supported by probable cause.

4.      Some or all of Plaintiff's injuries arise out of his own actions and/or the actions of a third party.

5.      Any claim for punitive or exemplary damages against Officer Newton in his individual capacity is barred, limited, reduced, or in the alternative, unconstitutional and in violation of the rights of Defendants under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

6.      Plaintiff may have failed to reasonably mitigate his damages, if any.

7.      Officer Newton asserts each and every affirmative defense asserted by any other defendant in this matter, to the extent that any such affirmative defense also applies to Officer Newton.

8.      Officer Newton reserves the right to add additional defenses and affirmative defenses as they become known through disclosure or discovery.


## **JURY DEMAND**

Officer Newton hereby demands trial to a jury on all issues triable.

Respectfully submitted this 9th day of January, 2015.

*s/ Josh A. Marks*

_____

Josh A. Marks
Jeff M. Van der Veer
BERG HILL GREENLEAF & RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
Phone:  (303) 402-1600
Fax:  (303) 402-1601
Email:  jam@bhgrlaw.com
            jmv@bhgrlaw.com

*Attorneys for Defendant Paul E. Newton*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January, 2015, I electronically filed the foregoing **DEFENDANT PAUL E. NEWTON'S ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

David A. Lane
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO  80202
dlane@kln-law.com

Thomas Rice
Senter Goldfarb & Rice, LLC
1700 Broadway, Suite 1700
Denver, CO 80290
trice@sgrllc.com

*s/ Cheryl Stasiak*
Cheryl Stasiak