**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02994-WYD-NYW

ERIC BRANDT,

   Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality;
MAYOR HERB ATCHISON, in his official and individual capacity;
WESTMINSTER POLICE OFFICER PAUL E. NEWTON, in his official and individual capacity;

   Defendants.

---

**PROPOSED SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND
APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference, pursuant to Fed. R. Civ. P. 16(b), took place on March 5, 2015 at 9:30 a.m. before United States Magistrate Judge Nina Y. Wang, Courtroom C-205, Byron G. Rogers Courthouse.

The following appeared as counsel on behalf of the parties:

| | |
|---|---|
| David A. Lane | Josh Marks |
| Danielle C. Jefferis | Jef M. Van der Veer |
| KILLMER, LANE & NEWMAN, LLP | Berg Hill Greenleaf & Ruscitti, LLP |
| 1543 Champa Street, Suite 400 | 1712 Pearl St. |
| Denver, Colorado 80202 | Boulder, CO 80302 |
| Phone: 303-571-1000 | (303) 402-1600 |
| Fax: 303-571-1001 | jam@bhgrlaw.com |
| djefferis@kln-law.com | jmv@bhgrlaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant Officer Paul E. Newton* |

Thomas S. Rice
Courtney B. Kramer
Senter Goldfarb & Rice
1700 Broadway, Suite 1700
Denver, CO 80290
Phone:  303-320-0509
trice@sgrllc.com

*Counsel for Defendant City of Westminster and Mayor Herb Atchison*

## 2. STATEMENT OF JURISDICTION

This action arises under the laws of the United States and the State of Colorado and is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 2201 *et seq*. Jurisdiction is invoked in this Court pursuant to 28 U.S.C. § 1331 and 1343.  Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**  On August 11, 2014, Plaintiff Eric Brandt was attending a public meeting of the Westminster City Council.  Eric Brandt has had numerous problems with the Westminster police department.  Many officers have arrested him due to their personal dislike of him stemming from the fact that wherever he goes in Westminster, he carries a very large, handmade sign that reads "Fuck the Cops."  Mr. Brandt, along with everyone else at the public City Council meeting, was afforded a five-minute opportunity to address the City Council at its regularly scheduled meeting on any issues of importance to the speaker.  During his turn to address the City Council, Mr. Brandt began to speak about the problems surrounding police abuses in Westminster.  When

the Defendant Mayor realized what Mr. Brandt was talking about, he interrupted Mr. Brandt and told him to stop talking. Mr. Brandt would not stop his speech regarding the matter of serious public concern regarding police abuses despite the Mayor's repeated entreaties. When Mr. Brandt refused to stop registering a protest against police abuses in Westminster, in an effort to silence this vocal critic of the City and the police, the Mayor ordered the Defendant Officer to arrest Mr. Brandt. Mr. Brandt was placed in handcuffs and was not free to leave the custody of the Defendant Officer. Mr. Brandt was taken to jail in Westminster and subsequently transferred to the Adams County jail on charges of Obstructing a police officer and resisting arrest. All charges against Mr. Brandt were dismissed on August 21, 2014.

b.  **Defendant Officer Paul E. Newton:** Officer Newton denies that he violated Mr. Brandt's constitutional rights by his removal of Mr. Brandt from the August 11, 2014 City Council meeting. Officer Newton was providing security for the meeting and was following the Mayor's directive to remove Mr. Brandt as a public comment participant due to Mr. Brandt's refusal to comply with the guidelines for public comment and/or respond to inquires by the Mayor to Mr. Brandt. Mr. Brandt refused to comply with Officer Newton's requests for him to leave the meeting and was physically escorted from out of the room. Officer Newton had probable cause to charge Brandt with a criminal offense and had reasonable grounds to detain Brandt in handcuffs. Among other affirmative defenses, Officer Newton asserts qualified immunity.

c.  **Defendants City of Westminster and Herb Atchison:** The City and Mayor Atchsion deny that plaintiff's constitutional rights were violated or that they

12

caused any of the claimed damages. These defendants further deny that plaintiff's damages are to the extent alleged. Mayor Atchison also asserts the defense of qualified immunity. Plaintiff was stopped from continuing his speech at the subject meeting only after he refused to answer the mayor's very reasonable inquiries. Plaintiff was allowed to speak unfettered at the very next meeting.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. At all times relevant to the allegations of this complaint, Officer Paul E. Newton was a citizen of the United States and a resident of Colorado.

4. At all times relevant to the allegations of this complaint, Mayor Herb Atchison was a citizen of the United States and a resident of State of Colorado.

5. Defendant City of Westminster is a Colorado home-rule municipality.

6. Plaintiff was handcuffed and detained by Defendant Officer Paul E. Newton.

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff:** Plaintiff claims all appropriate declaratory and other injunctive and/or equitable relief; compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at

13

trial; all economic damages on all claims allowed by law; punitive damages on all claims allowed by law in an amount to be determined at trial; attorneys fees and costs associated with this action on all claims allowed by law; pre-judgment and post-judgment interest at the highest lawful rate; and any further relief that this Court deems just and proper and as allowed by law.

A more precise computation of Plaintiff's damages, to the extent Plaintiff's damages are subject to such computation, will be provided during the normal course of discovery and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

    b.   **Defendants:**  Defendants do not seek damages herein, but reserve the right to seek recovery of costs and fees.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.   The Fed. R. Civ. P. 26(f) meeting was conducted via communications between counsel on **February 11, 2015.**

    b.   Participants in the meeting were as follows:

        (1)  David A. Lane (Counsel for Plaintiff).

        (2)  Josh Marks (Counsel for Defendant Officer Paul E. Newton).

        (3)  Thomas Rice (Counsel for Defendants City of Westminster and Mayor Herb Atchison).

    c.   Rule 26(a)(1) disclosures will be exchanged on or before **February 26, 2015**.

      d.      The parties do not propose any changes in the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

      e.      The parties have not agreed to conduct informal discovery.

      f.      The parties agree to the use of a unified exhibit numbering system.

      g.      The parties anticipate that their claims or defenses will involve the discovery of some electronically stored information.  To the extent that discovery or disclosures involves information or records in electronic form, the parties will take steps to preserve that information. The parties agree that, to the extent feasible, the parties will exchange information (whether in paper or electronic form) in PDF format.

      h.      The parties certify that, as required by Fed.R.Civ.P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution and are continuing settlement negotiations.

### 7. CONSENT

The parties do **not** consent to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

      a.      The Parties do not propose any modifications to the presumptive numbers of depositions contained in the Federal Rules.  Each side shall be limited to **10** depositions, in addition to named parties and experts.  Each party shall be limited to 25 interrogatories per side. For example, Plaintiff may serve up to 25 interrogatories the Defendants collectively, for a total of up to 25 interrogatories served by Plaintiff. Defendants collectively may serve up to 25 interrogatories on Plaintiff, for a total of up to

25 interrogatories served on Plaintiff.

    b.    The Parties do not propose any modifications to the limitations on the length of depositions.  A deposition is limited to one day of seven hours as provided in Fed.R.Civ.P. 30(d)(2).

    c.    Plaintiff may serve a total of 25 requests for production of documents and 25 requests for admission on  Defendants collectively, for a total of up to 25 requests for production of documents and 25 requests for admission served by Plaintiff. Defendants collectively may serve a total of 25 requests for production of documents and requests for admission to Plaintiff, for a total of up to 25 requests for production of documents and 25 requests for admission served on Plaintiff.

    d.    No other planning or discovery orders are in place at this time.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings: **April 20, 2015.**

    b.    Discovery Cut-off: **October 2, 2015.**

    c.    Dispositive Motion Deadline:  **November 6, 2015.**

    d.    Expert Witness Disclosure

        1.    Plaintiff does not anticipate retaining an expert; however, in the event that one is needed it will be in the following fields: emotional distress, and police and emergency services practices.  Plaintiff may call experts in other areas as well.  The defendants also anticipate no experts however if any are needed they will be

16

rebuttal to any Plaintiff's experts as well as an expert in mental health.

2. Parties agree to limit the number of experts to **4** per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:  **July 31, 2015.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:  **August 28, 2015.**

e. Identification of Persons to Be Deposed:*

| Name | Date | Time | Length |
| --- | --- | --- | --- |
| Defendant Officer Paul E. Newton | TBD | TBD | 7 hours |
| Defendant Mayor Herb Atchison | TBD | TBD | 7 hours |
| 30(b)(6) of a representative of the City of Westminster | TBD | TBD | 7 hours |
| Plaintiff Eric Brandt | TBD | TBD | 7 hours |
|  | TBD | TBD | 7 hours |
|  | TBD | TBD | 7 hours |
|  | TBD | TBD | 7 hours |
|  | TBD | TBD | 7 hours |
|  | TBD | TBD | 7 hours |

* The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery.

f.   The Parties propose submission of the written interrogatories at any time after the date of the 26(f) Conference.  The last written interrogatories shall not be served upon any adverse party any later than 33 days before the discovery cut-off date: **August 28, 2015.**

g.   Deadline for Requests for Production of Documents and/or Admissions: The Parties propose submission of requests for production of documents at any time after the date of the 26(f) Conference.  The last written request for production of documents and/or request for admission shall not be served upon any adverse party any later than 33 days before the discovery cut-off date:  **August 28, 2015.**

## 10. DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:

_____.

b.   A final pretrial conference will be held in this case on_____ at____ o'clock m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:  None.

b.   The Parties estimate that the jury trial will take five (5) days.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch

18

Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado:  None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of <u>good cause</u>.

DATED this _____ day of _____, 2015.

BY THE COURT:

_____
U.S. Magistrate Judge Nina Y. Wang

SCHEDULING ORDER REVIEWED:

*s/ David A. Lane*
David A. Lane
Danielle C. Jefferis
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado  80202
Phone: 303-571-1000
Fax: 303-571-1001
djefferis@kln-law.com

*Counsel for Plaintiff*

*s/ Josh Marks*
Josh Marks
Jef M. Van der Veer
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl St.
Boulder, CO 80302
(303) 402-1600
jam@bhgrlaw.com
jmv@bhgrlaw.com

*Counsel for Defendant Officer Paul E. Newton*

*s/ Thomas S. Rice*
Thomas S. Rice
Courtney B. Kramer
Senter Goldfarb & Rice
1700 Broadway, Suite 1700
Denver, CO 80290
Phone:  303-320-0509
trice@sgrllc.com

*Counsel for Defendant City of Westminster and Mayor Herb Atchison*