IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02994-WYD-BNB

ERIC BRANDT,

    Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality;
MAYOR HERB ATCHISON, in his official and individual capacity; and
WESTMINSTER POLICE OFFICER PAUL E. NEWTON, in his official and individual capacity,

    Defendants.

---

### DEFENDANTS' COMBINED MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM BRIEF IN SUPPORT THEREOF

---

Defendants, **CITY OF WESTMINSTER** and **MAYOR HERB ATCHISON**, by their attorneys, **SENTER GOLDFARB & RICE, L.L.C.**, pursuant to Fed.R.Civ.P. 56, hereby move the Court for entry of Partial Summary Judgment in their favor, dismissing Plaintiff's second and third claims for relief with prejudice and dismissing claims against the City.

#### I.     STATEMENT OF THE CASE

This lawsuit arises out of Plaintiff's participation at a Westminster City Council meeting on August 11, 2014. While Plaintiff was addressing the City Council, Mayor Atchison asked Plaintiff to temporarily stop his comments. Plaintiff refused to briefly yield the floor to the Mayor and became increasingly disruptive, violating the decorum of the meeting. Though the Mayor asked Plaintiff to yield the floor, he did not direct Plaintiff's arrest. Plaintiff's attempt to connect the Mayor to his arrest is based purely on speculation regarding the Mayor's unspoken intent and contradicts established testimony from the arresting officer. Without personal participation in the

arrest, Plaintiff's second and third claims for relief fail. Moreover, Plaintiff cannot identify any policy, custom or practice to establish municipal liability.

For these reasons, Defendants seek summary judgment with respect to the second and third claims for relief asserted within Plaintiff's Complaint: retaliation for protected speech in violation of the First Amendment and arrest without probable cause in violation of the Fourth Amendment. Defendants also seek summary judgment with respect to the municipal liability claim against the City.

## II.      SUMMARY JUDGMENT STANDARD

Summary judgment should be granted where, taking the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Deepwater Inv., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110-11 (10th Cir. 1991). Summary judgment is appropriate if the pleadings, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56(c). Some alleged factual dispute is insufficient to defeat a supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985). To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999).

## III.     MOVANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS (SUMF)

1.    On August 11, 2014, Plaintiff Eric Brandt, participated in the public comment portion of a Westminster City Council meeting. [*See* Deposition Testimony of Plaintiff, attached as **Exhibit A**, 7:25-8:4; 9:18-21].

2

2.     The Mayor briefly interrupted Plaintiff during his allotted time to ask Plaintiff a question. [**Exhibit A**, 16:11-16; 89:15-22; *see also* Deposition Testimony of Mayor Herbert L. Atchison, attached as **Exhibit B**, 7:10-13].

3.     When Plaintiff became disruptive, Officer Newton advised him that he would need to leave the room. [**Exhibit B**, 37:12-19; 38:15-18; *see also* Deposition Testimony of Officer Paul E. Newton, attached as **Exhibit C**, 9:5-8; 9:23-10:2; 31:2-12].

4.     Officer Newton arrested Plaintiff. [**Exhibit C**, 16:4-17].

5.     The Mayor did not instruct Officer Newton to arrest Plaintiff. [**Exhibit A**, 20:25-21:2; 94:12-19; 95:3-11; **Exhibit C**, 35:25-36:6; 50:17-21; 53:4-23; 55:1-3].

6.     Officer Newton exercised his independent judgment in making the decision to arrest Plaintiff. [**Exhibit C**, 41:8-42:4; 45:24-46:6; 55:4-7; 60:10-13].

7.     Plaintiff was arrested outside of the meeting, outside of the presence of the Mayor. [**Exhibit C**, 53:24-54:21; 58:7-17].

## IV.     ARGUMENT

### A.     No Constitutional Violation of the First Amendment.

Plaintiff's second claim for relief is based on the assertion that the Mayor retaliated against Plaintiff by arresting him. Specifically, Plaintiff alleges that Defendants collectively "unlawfully arrested" him "in retaliation for the content of the message he was attempting to deliver regarding police abusing the civil rights of citizens in Westminster." [Doc. #1, ¶ 25]. To state a First Amendment retaliation claim, Plaintiff must prove that (1) he was engaged in constitutionally protected activity; (2) the Mayor's actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the Mayor's adverse

3

action was substantially motivated as a response to Plaintiff's exercise of constitutionally protected conduct. *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007); *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Plaintiff's third claim for relief against the Mayor alleges that Defendants, acting in concert with one another, arrested Plaintiff without probable cause. [Doc. #1, ¶ 28]. Both claims are dependent upon Plaintiff's ability to establish that the Mayor participated in his arrest. However, there are no facts to establish that the Mayor directed Plaintiff's arrest or participated, to any degree, in the decision to arrest Plaintiff. [SUMF, ¶¶ 1-7].

The Mayor cannot be liable for Plaintiff's arrest under any theory. Both of the claims at issue in this motion are dependent upon facts that the Mayor is responsible for Plaintiff's arrest. To establish liability, Plaintiff must demonstrate an affirmative link through facts showing that the Mayor actively participated or acquiesced in the constitutional violation. *Winters v. Board of Cnty. Comm'rs*, 4 F.3d 848, 855 (10th Cir. 1993); *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) (stating that a plaintiff must show that defendant "expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation."). Here, the Mayor cannot be held accountable because he did not personally participate in the arrest. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") *see also, Spencer v. Landrith*, 315 F. App'x 62, 65 (10th Cir. 2009) (mayor cannot be held liable without personal participation in alleged constitutional violation).

To the extent Plaintiff is attempting to hold the Mayor liable as a supervisor, this claim also fails as the theory of negligent supervision cannot provide a basis for liability under § 1983. *See*

*Darr v. Town of Telluride*, 495 F.3d 1243, 1256 (10th Cir. 2007). Furthermore, there is no concept of strict supervisor liability under Section 1983, but rather the plaintiff must establish a "deliberate, intentional act by the [Mayor] to violate constitutional rights." *Jenkins v. Wood*, 81 F.3d 988, 994095 (10th Cir. 1996).

Using the analysis identified above, there are no facts to support Plaintiff's theory that the Mayor retaliated against him by unlawfully arresting him. During Plaintiff's comments to the City Council, the Mayor briefly interrupted Plaintiff to ask a question. [SUMF, ¶ 2]. Plaintiff refused to acknowledge the Mayor's point of clarification and became disruptive. [SUMF, ¶ 3]. Officer Newton intervened, and advised Plaintiff that he would need to leave the room if he continued his disruptive behavior. [SUMF, ¶ 4]. Ultimately, Officer Newton exercised his independent judgment and arrested Plaintiff. [SUMF, ¶¶ 4; 6]. The arrest did not happen in the presence of the Mayor. [SUMF, ¶ 7]. Though Plaintiff may speculate that the Mayor's eye contact with Officer Newton expressed an intent for him to be arrested, any such testimony is merely speculative. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (unsubstantiated allegations carry no weight in summary judgment proceedings). More importantly, such speculation directly contradicts testimony of Officer Newton. The Mayor did not instruct Officer Newton to take specific action, let alone arrest Plaintiff. [SUMF, ¶ 5]. The lack of triable issues related to these two claims warrants dismissal in favor of the Mayor.

### B.     No Municipal Liability.

Local governments are liable under 42 U.S.C. § 1983 "only for their *own* illegal acts." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of *respondeat superior*,

but rather, a plaintiff must show the existence of a municipal policy or custom, and that there is a direct causal link between the policy or custom and the injury alleged.  *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010); *see also*, *Monell v. Department of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978).  The actions of the municipal employees must be "continuing, persistent and widespread" to establish a custom.  *Carney v. City and Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008) (citing *Gates v. Unified Sch. Dist. No. 449,* 996 F.2d 1035, 1041 (10th Cir. 1993)).  Further, a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.  *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  There is no evidence establishing a well settled, continuing, persistent, and widespread custom of restrictions on first amendment speech, retaliation for protected speech or unlawful arrests. *See Melton v. City of Okla. City*, 879 F.2d 706, 724 (10th Cir. 1989).

The record contains no facts showing that a municipal policy or custom caused Plaintiff's alleged injuries.  Plaintiff has not presented any evidence that the City failed to have adequate policies. Plaintiff at no time has identified the specific custom, policy or practice that caused his alleged injury.  There is also no evidence demonstrating a widespread and persistent pattern of retaliation or unlawful arrest based on speech by persons employed by the City.  Accordingly, Plaintiff's claims against the City should be dismissed as a matter of law.

## VI.    CONCLUSION

For all the reasons set forth above, Plaintiff's second and third claims for relief should be dismissed as well as all claims asserted against the City, and summary judgment should  be entered in favor of Defendants.

**WHEREFORE**, Defendants respectfully request that this Court enter orders as follows:

(a) Granting summary judgment in favor of Defendants on Plaintiff's second and third claims for relief;

(b) Granting summary judgment in favor of the City;

(c) Granting judgment in favor of Defendants and against Plaintiff for costs and attorney fees; and

(d) Such further and additional relief as the Court deems just and proper.

Respectfully submitted,

By ____s/ Thomas S. Rice_____
*Thomas S. Rice*
Senter Goldfarb & Rice, L.L.C.
3900 E. Mexico Ave., Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
E-mail: trice@sgrllc.com
*Attorney for Defendants City of*
*Westminster and Mayor Herb Atchison*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of November, 2015, I electronically filed a true and exact copy of the above and foregoing **DEFENDANTS' COMBINED MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM BRIEF IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

David A. Lane
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@kln-law.com
*Attorneys for Plaintiff*

Josh A. Marks
Jeff M. Van der Veer
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
jam@bhgrlaw.com
jmv@bhgrlaw.com
*Attorneys for Defendant Newton*

                                                      s/ Wendy McCann
                                              Wendy McCann, Legal Secretary
                                              E-mail:  wmccann@sgrllc.com

00970165.DOC