# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02994-WYD-NYW

ERIC BRANDT,

    Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality;
MAYOR HERB ATCHISON, in his official and individual capacity;
WESTMINSTER POLICE OFFICER PAUL E. NEWTON, in his official and individual capacity;

    Defendants.

## OPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, by and through his attorneys, David A. Lane and Andy McNulty, of KILLMER, LANE & NEWMAN, LLP, hereby submits his Motion for Leave to Amend Complaint pursuant to Fed. R. Civ. P. 15(a)(2), and, in support thereof, states as follows:

## BACKGROUND

1. Plaintiff's Complaint was originally filed in this Court on November 4, 2014 [Doc. 1].

2. Plaintiff's Complaint listed three claims for relief: 42 U.S.C. § 1983 – First Amendment Violation Regarding Free Speech; 42 U.S.C. § 1983 – First Amendment Retaliation for Free Speech; 42 U.S.C. § 1983 – Fourth Amendment Violation.

**LEGAL STANDARD**

3. The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman*, 371 U.S. at 182.

4. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315.

**ARGUMENT**

5. Plaintiff wishes to amend his Complaint to add the claim: 42 U.S.C. § 1983 – First Amendment Violation Regarding the Right to Petition the Government for Redress of Grievances.

6. The evidence adduced thus far in this case indicates that all parties agree that Mr. Brandt was addressing the Westminster City Council on the issue of police accountability when he was arrested. Deposition testimony from the Defendant Mayor confirms that he recognized that Mr. Brandt was petitioning his government for redress of grievances. Amending the Complaint insures that it more closely conforms to the evidence adduced thus far and will assist in the smooth resolution of this matter. It does not change any legal theories of either party.

7. Plaintiff has not unduly delayed in seeking leave to amend his Complaint. Plaintiff does not move to amend his Complaint in bad faith or with dilatory motive.

8. No party will be prejudiced by the relief sought herein.

## CERTIFICATION PURSUANT TO D.C.COLO. LCivR. 7.1

9. Counsel for Plaintiff, Andy McNulty, hereby certifies that he conferred with Joshua A. Marks and Thomas S. Rice, counsel for Defendants, via email on November 16, 2015, who stated that Defendants oppose the relief sought herein.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion for Leave to Amend Complaint, accept as filed Plaintiff's First Amended Complaint attached as **Exhibit 1**, and any other relief that is deemed just and proper.

Dated this 17th day of November, 2015.

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*

_____

David A. Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
dlane@kln-law.com
amcnulty@kln-law.com

*Attorneys for Plaintiff*

3