**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02994-WYD-NYW

ERIC BRANDT,

     Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality;
MAYOR HERB ATCHISON, in his official and individual capacity;
WESTMINSTER POLICE OFFICER PAUL E. NEWTON, in his official and individual capacity;

     Defendants.

## AMENDED COMPLAINT

Plaintiff ERIC BRANDT by and through his attorneys David Lane and Andy McNulty, brings this action for legal and equitable relief. The plaintiff hereby complains of defendants and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action for damages, declaratory and injunctive relief as well as fees and costs arising under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. Section 2201 *et seq.* due to defendants' current and imminent violations of plaintiffs' rights guaranteed by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff brings this action for the constitutional injuries he sustained on August 11, 2014 when he was permitted to address the Westminster City Council and

his speech regarding a matter of great public concern- police abuses in Westminster,- was cut short by the Defendant Mayor who ordered Defendant Officer to arrest Plaintiff Brandt because he objected to the content of Mr. Brandt's message.  Mr. Brandt was arrested and removed from the City Council chambers.  He was jailed and charged with crimes. As such, he was denied his rights under the First Amendment as he was arrested in retaliation for his protected speech and he was also denied the right to petition his government for redress of grievances.  Mr. Brandt was denied his rights under the Fourth Amendment to the United States Constitution when the Mayor ordered the Officer to arrest Mr. Brandt in retaliation for his protected speech, despite the fact that Mr. Brandt had committed no crime giving rise to probable cause to believe that he had violated any law.  The entire episode was captured on audiotape and possibly on videotape.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ l33l and l343.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § l39l.

## PARTIES

5. Plaintiff Eric Brandt is a citizen of the United States and State of Colorado and was during the relevant times described herein.

6. At all times relevant to the allegations of this Complaint, Defendants were both citizens of the United States and residents of the State of Colorado.  The Mayor is the chief executive of Westminster and thus he sets custom, practice and policy for the municipality.

7. Defendant City of Westminster is a municipality and its chief policy maker is the Defendant Mayor, who sets official municipal custom, policy and practices.

8. All defendants acted under color of state law at all times relevant to this Complaint.

**FACTUAL ALLEGATIONS**

8. On August 11, 2014, Plaintiff Eric Brandt was attending a public meeting of the Westminster City Council.

9. Eric Brandt has had numerous problems with the Westminster police department. Many officers have arrested him due to their personal dislike of him stemming from the fact that wherever he goes in Westminster, he carries a very large, handmade sign that reads "Fuck the Cops."

10. Mr. Brandt, along with everyone else at the public City Council meeting, was afforded a five-minute opportunity to address the City Council at its regularly scheduled meeting on any issues of importance to the speaker.

11. Mr. Brandt's turn to address the council occurred and he began to speak about the problems surrounding police abuses in Westminster.

12. When the Defendant Mayor realized what Mr. Brandt was talking about, he interrupted Mr. Brandt and told him to stop talking about police brutality in Westminster.

13. Mr. Brandt would not stop his speech regarding the matter of serious public concern regarding police abuses despite the Mayor's repeated entreaties.

14. When Mr. Brandt refused to stop registering a protest against police abuses in Westminster, in an effort to silence this vocal critic of the City and the police, the Mayor ordered the Defendant Officer to arrest Mr. Brandt.

15. Mr. Brandt was placed in handcuffs and was not free to leave the custody of the Defendant Officer.

16. Mr. Brandt was taken to jail in Westminster and subsequently transferred to the Adams County jail on charges of Obstructing a police officer and resisting arrest.

17. All charges against Mr. Brandt were dismissed on August 21, 2014.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - First Amendment Violation Regarding Free Speech)

18. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

19. The arrest of Plaintiff Brandt was a denial of his right to free speech guaranteed by the First Amendment to the Constitution of the United States.

20. By having Mr. Brandt removed forcibly from the podium, the Defendants, acting in concert with one another, prevented Eric Brandt from speaking out on a matter of public concern.

21. The actions of defendants occurred while each was acting under color of State law.

21. As the chief policy maker for the City of Westminster, based upon the unlawful actions of Defendant Mayor, it is the custom, practice and policy of the City of Westminster to deny unpopular speakers the right to speak out on matters of public concern at City Council meetings in violation of the First Amendment to the United States Constitution.

22.  Eric Brandt was prevented by the Defendants from delivering his speech regarding the problem of police abuses of citizens and the routine denial of the civil rights of Westminster citizens by the Police Department, in violation of the First Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Violation – First Amendment
### Retaliation for Free Speech)

23.   All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

24.   Eric Brandt was speaking on a matter of public concern and the Defendants stopped his speech based upon the content of his message, in violation of the First Amendment to the United States Constitution.

25.   Because the Defendants disapproved of Mr. Brandt's message, they unlawfully arrested him in violation of the First Amendment to the United States Constitution, and in retaliation for the content of the message he was attempting to deliver regarding police abusing the civil rights of citizens in Westminster.

26.   All defendants were acting under color of State law when they unlawfully retaliated against Mr. Brandt for the message he was attempting to deliver to the Westminster City Council.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Fourth Amendment Violation)

27.   All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

28.   The Defendants, acting in concert with one another, arrested Eric Brandt without probable cause to believe he had committed any offense.

5

29. The arrest of Eric Brandt was motivated simply by the Defendant's desire to deny Plaintiff his rights under the First Amendment to the United States Constitution.

30. The Defendants were all acting under color of State law when they arrested Plaintiff.

**FOURTH CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – First Amendment Violation Regarding**
**the Right to Petition the Government for Redress of Grievances)**

27. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

19. The arrest of Plaintiff Brandt was a denial of his right to petition the government for redress of grievances guaranteed by the First Amendment to the Constitution of the United States.

20. By having Mr. Brandt removed forcibly from the podium, the Defendants, acting in concert with one another, prevented Eric Brandt from petitioning the City of Westminster for redress of his grievances.

21. The actions of defendants occurred while each was acting under color of State law.

21. 22. Eric Brandt was prevented by the Defendants from petitioning the government to redress the problem of police abuses of citizens and the routine denial of the civil rights of Westminster citizens by the Police Department, in violation of the First Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE plaintiffs pray that this Court:

a. Declaratory relief and injunctive relief, as appropriate;

b. Actual economic damages as allowed by law and as established at trial;

c. Compensatory damages as allowed by law, including, but not limited to those for past and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical bills, and other non-pecuniary losses;

d. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorney's fees and costs; and

g. Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 16th day of November, 2015.

> KILLMER, LANE & NEWMAN, LLP
>
> *s/ Andy McNulty*
> _____
> David Lane
> Andy McNulty
> 1543 Champa Street, Suite 400
> Denver, CO 80202
> (303) 571-1000
> dlane@kln-law.com
> amcnulty@kln-law.com
>
> ATTORNEYS FOR PLAINTIFF

7