# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02994-WYD-NYW

ERIC BRANDT,

      Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality;
MAYOR HERB ATCHISON, in his official and individual capacity;
WESTMINSTER POLICE OFFICER PAUL E. NEWTON, in his official and individual
capacity;

      Defendants.

---

## MOTION FOR SUMMARY JUDGMENT

---

      Plaintiff, by and through his attorneys, David A. Lane and Andy McNulty of Killmer,
Lane & Newman, LLP, hereby submits his Motion for Summary Judgment and, in support
thereof, states as follows:

### INTRODUCTION

      "Whatever differences may exist about interpretations of the First Amendment, there is
practically universal agreement that a major purpose of that Amendment was to protect the free
discussion of governmental affairs. For speech concerning public affairs is more than self-
expression; it is the essence of self-government." *Burson v. Freeman*, 504 U.S. 191, 196 (1992)
(quotations omitted). Plaintiff Eric Brandt was engaged in this core First Amendment speech
when he petitioned the City of Westminster during the citizen communications portion of its City
Council Meeting on August 11, 2014, for redress of his grievances. In retaliation for his speech,
Brandt was arrested, without probable cause, by Defendant Paul Newton in violation of his

1

Fourth Amendment rights and at the behest of Defendant Herb Atchison, the Mayor of, and a policymaker for, Defendant City of Westminster. Defendants are liable for the violation of Brandt's Constitutional rights.

## CERTIFICATION PURSUANT TO D.C.COLO. LCIVR. 7.1

Counsel for Plaintiff, Andy McNulty, hereby certifies that he conferred with Joshua A. Marks and Thomas S. Rice, counsel for Defendants, via email on November 16, 2015. Joshua A. Marks stated that Defendant Newton opposes the relief sought herein and Thomas S. Rice stated that Defendants Herb Atchison and City of Westminster took no position as to this motion.

## MOVANT'S STATEMENT OF MATERIAL FACTS

1. Herb Atchison is the Mayor of the City of Westminster. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 20:12-14.

2. Paul Newton is a police officer for the City of Westminster. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 17:6-17.

3. Paul Newton acts as a Sergeant at Arms during City of Westminster City Council meetings and was acting as Sergeant at Arms during the August 11, 2014 City Council Meeting. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 7:2-10.

4. Eric Brandt attended the August 11, 2014, City of Westminster City Council Meeting. Ex. 3, Defendant Paul E. Newton's Answer to Complaint, at ¶ 8.

5. During the citizen communications portion of the City of Westminster's City Council meetings, members of the public are afforded five minutes to speak on any topic they desire and are only restricted from speaking about items that are scheduled for public hearing during that Meeting. Mayor Atchison described the citizen communications portion of the City of Westminster City Council Meeting as a public forum for any

citizen who wished to speak about any issue for five minutes, except for issues for which a separate public hearing has been previously scheduled. Ex. 4, Defendant City of Westminster and Mayor Herb Atchison's Answer, at ¶ 6. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 16:7-22; Ex. 2, *Deposition of Paul E. Newton*, at ¶ 12:17-25; 18:1-8.

6. Eric Brandt testified during the citizen communications portion of the City of Westminster City Council Meeting on August 11, 2014. Ex. 3, Defendant Paul E. Newton's Answer to Complaint, at ¶ 8, 11; Ex. 5, Audio of August 11, 2014, City of Westminster City Council Meeting; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 15:21-24.

7. Eric Brandt followed the proper procedure, and was not disorderly in waiting his turn to speak during the citizen communications period of the public meeting; approached the podium during the citizen communications portion of the meeting in an orderly fashion; and testified about his protest activities in the City of Westminster, police misconduct in the City of Westminster, and the City of Westminster police department's treatment of the homeless. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 15:17-22; Ex. 2, *Deposition of Paul E. Newton*, at ¶ 43:11-14; Ex. 5, Audio of August 11, 2014, City of Westminster City Council Meeting; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 9:22-25, 10:1-3.

8. Herb Atchison interrupted Eric Brandt's speech during the citizen communications portion of the meeting. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 28:11-13; Ex. 5, Audio of August 11, 2014, City of Westminster City Council Meeting; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 16:11-16.

9. Mayor Atchison directed Newton to forcibly remove and arrest Eric Brandt. Ex. 7, *Westminster Police Department Case Report*, at p. 5 (Bates #0005); *Westminster Municipal Court Affidavit in Support of Warrantless Arrest*, at p. 2 (Bates # 00019); Ex. 2, Deposition *of Paul E. Newton*, at ¶ 9:9-15, 50:25, 51:1-10, 57:20-25, 58:1-22; Ex. 5, Audio of August 11, 2014, City of Westminster City Council Meeting; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 95:20-15.

10. Eric Brandt was not being disorderly or causing any disruption to the public hearing prior to Herb Atchison interrupting Brandt's speech during the citizen communications period of the meeting. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 21:24-25, 22:1; Ex. 2, *Deposition of Paul E. Newton*, at ¶ 30:1-21; Ex. 5, Audio of August 11, 2014, City of Westminster City Council Meeting.

11. Paul Newton forcibly removed Eric Brandt from the City Council Meeting. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 16:8-17; 54:2-25; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 86:18-20, 97:16-25, 98:1-25.

12. Paul Newton arrested Eric Brandt outside of the City Council Meeting. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 16:8-17; 54:2-25; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 20:25, 21:1-4.

13. Paul Newton placed Eric Brandt in handcuffs outside of the City Council Meeting. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 16:8-17; 54:2-25; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 99:1-7.

14. Paul Newton independently determined that he had probable cause to arrest Eric Brandt, and based on that determination, effectuated the arrest of Brandt. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 55:4-7.

15. Paul Newton based his arrest of Eric Brandt on C.R.S. § 18-9-110, which criminalizes trespassing in public buildings and interference with the functioning of public meetings. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 16:8-17; 54:2-25.

16. Eric Brandt was arrested for speaking at the public hearing. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 16:6-7.

17. Herb Atchison interrupted Eric Brandt's speech, and ultimately ordered him to be forcibly removed from the public meeting, because Brandt's speech concerned his protest activities in the City of Westminster. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 16:23-25, 17:1-8; Ex. 2, *Deposition of Paul E. Newton*, at ¶ 36:10-15.

18. Herb Atchison silenced Eric Brandt's speech on the basis of its content. *Deposition of Ex. 1, Herbert L. Atchison*, at ¶ 17:21-25; 18:1-7; Ex. 2, *Deposition of Paul E. Newton*, at ¶ 52:19-25, 53:1-3.

19. The public hearing was a designated public forum. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 25:3-11.

20. Paul Newton signed an affidavit of warrantless arrest after arresting Eric Brandt for his speech at the City Council Meeting on August 11, 2014, charging Eric Brandt with obstruction of a police officer (WMS 6-5-5), resisting arrest (WMS 6-5-1), and unlawful trespass (6-3-5(A)). Ex. 8, *Westminster Municipal Court Affidavit in Support of Warrantless Arrest*, at p. 1-6 (Bates # 00018-00023).

21. The charges against Eric Brandt for his arrest at the public hearing were dismissed by the prosecutor. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 30:1-5; Ex. 4, Defendant City of Westminster and Mayor Herb Atchison's Answer, at ¶ 8; Ex. 6, *Deposition of Eric Patrick Brandt*, at ¶ 22:14-23.

22. By speaking during the citizen communication portion of the City of Westminster City Council Meeting, Eric Brandt did not commit any crime. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 27:5-8.

23. Eric Brandt was engaged in First Amendment protected speech at all times during his speech at the public meeting. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 39:4-19.

24. Paul Newton was aware at the time he arrested Eric Brandt that it was a violation of the First Amendment to the United States Constitution to arrest someone simply for engaging in speech activity critical of the government during the open comment period of a public meeting. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 63:18-25, 64:1-2.

25. Paul Newton has never been disciplined for his arrest of Eric Brandt. *Deposition of* Ex. 2, *Paul E. Newton*, at ¶ 49:24-25; 50:1.

26. Paul Newton's arrest of Eric Brandt has been ratified by his superiors at the City of Westminster. Ex. 2, *Deposition of Paul E. Newton*, at ¶ 50:2-12.

27. There is no rule or law that prohibits citizens who have lawsuits pending against the City of Westminster from speaking during the citizen communications period of public meetings, whether it be about the pending lawsuit or otherwise. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 18:8-13, 27:4-11; Ex. 2, *Deposition of Paul E. Newton*, at ¶ 51:11-25, 52:1-18.

28. At the time of the City Council Meeting on August 11, 2014, Eric Brandt had no pending litigation against the City of Westminster or any of its officials. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 14:24-25, 15:1-2.

29. Eric Brandt's speech during the citizen communications period at the August 11, 2014, City Council Meeting was First Amendment protected speech that occurred in a designated public forum. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 24:16-23.

30. Herb Atchison knew that Eric Brandt was engaged in Frist Amendment protected speech when he addressed the City Council Meeting on August 11, 2014, during the citizen communications period and that Brandt's speech was a First Amendment protected petition to the City of Westminster for redress of his grievances. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 26:6-20; 20:3-17

31. Herb Atchison never informed those seeking to speak during the citizen communications period of the August 11, 2014, City Council Meeting that they would have to cease speaking during their allotted five minutes of citizen communications if he instructed them to stop. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 22:12-16.

32. Herb Atchison admitted to suppressing Eric Brandt's First Amendment protected speech during the citizen communications period at the August 11, 2014, City Council Meeting. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 24:24-25; 25:1-2.

33. The Westminster City Council has never disciplined or admonished Herb Atchison for his decision to remove Eric Brandt from the August 11, 2014, City Council Meeting. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 28:6-9.

34. Herb Atchison followed City of Westminster custom, policy, and practice in removing Eric Brandt from the August 11, 2014, City Council Meeting. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 28:11-15.

35. Herb Atchison did not believe there was probable cause that Eric Brandt had committed a crime during the August 11, 2014, City Council Meeting. Ex. 1, *Deposition of Herbert L. Atchison*, at ¶ 37:23-25, 38:1-25, 39:1.

36. Mayor Atchison subsequently apologized to Eric Brandt for the suppression of his First Amendment rights at the August 11, 2014, City Council Meeting. Ex. 9, *Westminster City Council Minutes*, at p. 2 (Bates #00035-38).

ARGUMENT

### I.   **Summary Judgment Standard**

Summary judgment is "designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). When the moving party demonstrates that there is "no genuine issue as to any material fact," it is "entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson*, 477 U.S. at 256.  The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Allen v. Muskogee*, 119 F.3d 837, 839-40 (10th Cir. 1997).

### II.   **Defendants violated Brandt's First Amendment right to freedom of speech (Claim I).**

The First Amendment states that "Congress shall make no law ... abridging the freedom of speech[.]" U.S. CONST. AMEND. I; *see also Gitlow v. New York*, 268 U.S. 652, 666 (1925) (indicating that the First Amendment applies to the states and municipalities through the Fourteenth Amendment's Due Process Clause). When Brandt was forcibly removed from the City Council Meeting and arrested, he was engaged in constitutionally protected speech. Mayor Atchison's directive, which constituted an official policy decision by the City of Westminster, was a content-based restriction on protected speech in a designated public forum that was not narrowly tailored to serve a compelling government interest. "[T]he First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dept. of City of Chicago v. Mosley*, 408 U.S. 92, 95 (1972). Brandt's First Amendment rights were violated by Defendants forcible removal of Brandt from the August 11, 2014, City Council Meeting and his subsequent arrest.

### a.  Burden of Proof

"When the Government restricts speech, the Government bears the burden of proving the constitutionality of its actions." *United States v. Playboy Entm't Grp., Inc*., 529 U.S. 803, 816 (2000); *Perry Ed. Assn. v. Perry Local Ed. Assn.*, 460 U.S. 37, 45-6 (1983).  "First Amendment standards … must give the benefit of any doubt to protecting rather than stifling speech." *Citizens United v. Federal Election Comm'n*, 130 S. Ct. 876, 891 (2010) (quotations omitted ); *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) (proponent "carries a heavy burden of showing justification" for speech restriction); *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 fn.5 (1984) (observing "it is common to place the burden upon the Government to justify impingements on First Amendment interests"). The burden is on

Defendants to justify their suppression of Brandt's First Amendment rights and his arrest for engaging in First Amendment protected activity.

### b. Brandt was removed from the City Council Meeting, and arrested, for engaging in protected, political speech.

Political speech or "speech concerning public affairs is more than self-expression; it is the essence of self-government." *Burson*, 504 U.S. at 196 (quotations omitted). "Speech deals with matters of public concern when it can 'be fairly considered as relating to any matter of political, social, or other concern to the community,' or when it 'is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public[.]'" *Snyder v. Phelps*, 562 U.S. 443, 453 (2011) (quoting *Connick v. Myers*, 461 U.S. 138, 145 (1983)). "[S]peech on public issues occupies the 'highest rung of the hierarchy of First Amendment values' and is entitled to special protection." *Id.* at 444. (quoting *Connick*, 461 U.S. at 145; *see also FCC v. League of Women Voters*, 468 U.S. 364, 381 (1984) ("Expression on public issues has always rested on the highest rung of the hierarchy of First Amendment values.") (quotation omitted).

Brandt's speech at the August 11, 2014, City Council Meeting was First Amendment protected political speech, centering on police accountability and the City of Westminster's response to protest activities. In 2015, there is perhaps no issue of greater public concern. Brandt's speech addressed issues within the control of the City of Westminster government and the representatives who were in attendance at that meeting, including Mayor Atchison. Indeed, Brandt "wanted to present his views on these matters of public concern directly to the political body responsible for them." *Mesa v. White*, 197 F.3d 1041, 1046 n.6 (10th Cir. 1999). Brandt did not stray to other matters. For example, he did not speak about issues that would be addressed at an already scheduled public hearing (as requested by Mayor Atchison) or about litigation that

was pending. Brandt did not utilize his five minutes to incite violence or spew profanity. He simply spoke about an issue of great public import: police accountability. Plaintiff was arrested "for his expression of dissatisfaction with the policies of this country, expression situated at the core of our First Amendment values." *Johnson*, 491 U.S. at 411.

The Tenth Circuit has held that there is "no question" that speech during the citizen communications portion of a public, governmental meeting is protected, political speech. *Mesa v. White*, 197 F.3d 1041, 1044 (10th Cir. 1999). Therefore, even if Brandt's speech had not been centered on police accountability, his speech would have been protected, political speech for the location and context of Brandt's speech alone makes it speech on a matter of public concern. *See Snyder v. Phelps*, 562 U.S. 443, 454-55 (2011). Brandt was speaking during the open comment period of a City Council meeting, a period where citizens are free to discuss anything they believe to be of public concern. This time is reserved for citizens to air their grievances, champion causes, or otherwise communicate with their fellow citizens and their chosen representatives. This is, perhaps, the only time a citizen can address a large number of his neighbors and voice the issues that he believes are of great import to the community. Brandt's speech touched on a matter of public concern and is protected, political speech.

### c. Brandt's speech occurred at a designated public forum.

Courts have near unanimously held "that a designated public forum exists when a governmental body affords the public an opportunity to address the body at its meeting." *Piscottano v. Town of Somers*, 396 F. Supp.2d 187, 201 (D. Conn. 2005); *see, e.g.*, *City of Madison, Joint Sch. Dist. No. 8 v. Wis. Employment Relations Comm'n*, 429 U.S. 167, 175-76 (1976); *Mesa v. White*, 197 F.3d 1041 (10th Cir. 1999); *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990) (designated public forum where public allowed to speak during Council's discussion of agenda items); *Jones v. Heyman*, 888 F.2d 1328, 1331 (11th Cir.

11

1989) (designated public forum where members of public were allowed to speak during Commission's discussion of an agenda item if they previously submitted a written request to speak on this item); *Zapach v. Dismuke*, 134 F. Supp. 2d 682 (E.D. Pa. 2001) (Zoning Hearing Board meeting was designated public forum for public comment on proposal for motor home park); *Scroggins v. City of Topeka*, 2 F. Supp. 2d 1362, 1370 (D. Kan. 1998) (characterizing a Council meeting as a designated public forum); *Pesek v. City of Brunswick*, 794 F. Supp. 768, 782 (N.D. Ohio 1992) (council opened meeting to public and allowed public to speak on items on the agenda was a designated public forum).

The Tenth Circuit has specifically addressed the forum status of a public hearing. In *Mesa*, the Tenth Circuit affirmed the district court's determination that a county commission meeting was a designated public forum because the meeting was "intentionally opened [] to the public[]" for a citizens communications period. *Mesa v. White*, 197 F.3d 1041, 1044-45 (10th Cir. 1999). Both Mayor Atchison and Newton have admitted that the City Council Meeting was a designated public forum for purposes of the First Amendment and that any person who wished to speak on any topic was invited up to the microphone to speak during the citizen communication portion of the meeting. It is clear that the citizen communication portion of the City Council Meeting on August 11, 2014, was a designated public forum.

Since Brandt's speech was protected political speech that occurred in a forum that the City of Westminster had designated as public, any restrictions on his speech imposed by the government are subject to strict scrutiny. Speech restrictions subject to strict scrutiny are unconstitutional when they are content or viewpoint based and not narrowly tailored to a compelling governmental interest. *See Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of Law v. Martinez*, 130 S. Ct. 2971, 3020 (2010).

### d. Defendants' restriction of Brandt's speech was, at a minimum, content-based.

Defendants suppressed Plaintiff's protected speech, forcibly removed him from the City Council Meeting, and arrested him on the basis of the viewpoints he was expressing at the meeting, particularly his message that the City of Westminster police department is Orwellian.

> Except possibly with respect to topics such as obscenity, viewpoint discrimination is almost universally condemned and rarely passes constitutional scrutiny. The government bears a particularly heavy burden in justifying viewpoint-based restrictions in designated public forums. Viewpoint discrimination is an egregious form of content discrimination. Content-based restrictions are subject to strict scrutiny. Viewpoint-based restrictions receive even more critical judicial treatment.

*Mesa v. White*, 197 F.3d 1041, 1047 (10th Cir. 1999) (citing *Church on the Rock v. City of Albuquerque*, 84 F.3d 1273, 1279 (10th Cir. 1996)). Plaintiff was a known protester in the City of Westminster. Mayor Atchison admitted that he directed Newton to forcibly remove Plaintiff because Plaintiff was speaking about his protest activities in the City of Westminster. Had Plaintiff been praising the police department, his speech would not have been restricted. The removal of Plaintiff from the meeting and his arrest was a viewpoint-based restriction on his speech and a violation of his First amendment right to free speech.

However, this Court need not decide that Defendants restricted Plaintiff's speech based on his viewpoint to grant this motion for summary judgment on Claim I, as it is clear that Defendants' restriction on Plaintiff's speech was content-based. "[A] speech regulation is content based if the law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert*, 135 S.Ct. 2218, 2231 (2015). "[I]t is well established that '[t]he First Amendment's hostility to content-based regulation extends not only to restrictions on particular viewpoints, but also to prohibition of public discussion of an entire topic.'" *Id.* at 2230 (*quoting Consolidated Edison Co. v. Public Service Comm'n*, 447 U.S. 530, 537 (1980)). "[A]

speech regulation targeted at specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter." *Id.*; *see also Mesa v. White*, 197 F.3d 1041, 1047 (10th Cir. 1999).

Defendants admit that Plaintiff was forcibly removed and arrested because his speech concerned, what Defendant Atchison at the time believed (although this was a mistaken belief), litigation that was pending against the City of Westminster. This is, by definition, "a speech regulation targeted at specific subject matter[.]" *Reed*, 135 S.Ct. at 2230. Had Plaintiff been speaking about the beauty of the new flowers planted in Westminster, he would not have been arrested. He was arrested because the content of his speech concerned the functioning of the City of Westminster's police department. Defendants' regulation of his speech was clearly content based.

> ### e.   The restriction of Brandt's speech was not narrowly tailored to a compelling government interest.

Content-based restrictions on protected speech at a public forum "can stand only if they survive strict scrutiny, 'which requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest[.]'" *Reed v. Town of Gilbert*, 135 S.Ct. 2218, 2231 (2015) (quoting *Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*, 131 S. Ct. 2806, 2817 (2011)); *see R.A.V. v. St. Paul,* 505 U.S. 377, 382 (1992) (content-based regulations of speech are "presumptively invalid"). "[W]hen the Government has intentionally designated a place or means of communication as a public forum[,] speakers cannot be excluded without a compelling governmental interest." *Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788, 800 (1985).

The only government interest advanced by Defendants is it had an interest in prohibiting speech that touched on litigation against the City of Westminster at City Council meetings. Even

if Plaintiff had been engaged in litigation against the City of Westminster, the Tenth Circuit has specifically rejected curtailment of discussion of litigation pending against a governmental entity at a public meeting as a compelling government interest. *See Mesa v. White*, 197 F.3d 1041, 1046 (10th Cir. 1999). As explained in *Mesa*, which addressed speech analogous to the case at bar,

> The commissioners may well have an interest in discussing among themselves sensitive personnel or litigation matters, and the exceptions allow them to do that in certain situations. It is difficult to see, however, how that interest translates into a significant interest in restricting the public's ability to present its views on personnel or litigation matters at a public meeting. The performance of public employees and the handling of employment-related litigation can be important matters of public concern.

*Mesa v. White*, 197 F.3d 1041, 1046 (10th Cir. 1999).

Moreover, Defendants had not set out, prior to Plaintiff's speech, the condition that speech during the citizen communications period could not touch on litigation that was currently pending before the city. In fact, Defendants have admitted there is no law or policy of the City of Westminster that prevents discussion of pending litigation against the city during the citizen communications period. This further indicates that Defendants asserted interest was insignificant.

Finally, assuming, *arguendo*, this Court finds Defendants interest to be compelling, Defendants suppression of Plaintiff's speech was not narrowly tailored to their asserted interest. Plaintiff was not involved in any litigation against the City of Westminster at the time of his speech at the City Council Meeting. Mayor Atchison admitted that he was mistaken in believing, at the time of the August 11, 2014, City Council Meeting, that Brandt had civil litigation pending against the City of Westminster.

As such, Defendants restriction of Plaintiff's speech was not narrowly tailored to a compelling government interest.

15

**f.   Mayor Atchison's and Newton's actions violated the First Amendment.**

Mayor Atchison admitted to directly ordering the removal of Brandt from the August 11, 2014, City Council Meeting because of Brandt's speech. It was his directive that caused Brandt's speech to be suppressed, the forcible removal of Brandt from the City Council Meeting, and Brandt's ultimate arrest. The actions of Atchison directly caused the violation of Brandt's First Amendment rights.

Newton's arrest of Brandt was based on Brandt's exercise of his First Amendment rights. Newton admits that he spoke to Brandt on the basis of Atchison's directive, but, independently of Atchison, decided to arrest Brandt for his speech at the City Council Meeting. Newton's demand that Brandt cease his speech, subsequent use of force to remove Brandt from the City Council Meeting, and ultimate arrest of Brandt, were a direct violation of Brandt's First Amendment rights.

**g.   City of Westminster is municipally liable for Brandt's arrest and suppression of his protected speech.**

"Local governing bodies . . . can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978). "[I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). For example, "where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." *Id.*; *See also Lusby v. T.G. & Y. Stores, Inc.*, 796 F.2d 1307, 1312 n.5 (10th Cir.), *cert. denied*, 479 U.S. 884, 107 S. Ct. 275, 93 L. Ed. 2d 251 (1986). In *Pembaur*, the Court examined the

circumstances under which a decision by municipal policymakers on a single occasion could

nevertheless satisfy the "official policy" requirement of *Monell*. The *Pembaur* Court noted:

> a government frequently chooses a course of action tailored to a particular
> situation and not intended to control decisions in later situations. If the decision to
> adopt that particular course of action is properly made by that government's
> authorized decisionmakers, it surely represents an act of official government
> "policy" as that term is commonly understood. More importantly, where action is
> directed by those who establish governmental policy, the municipality is equally
> responsible whether that action is to be taken only once or to be taken repeatedly.

475 U.S. at 481 (footnote omitted).

The City of Westminster is municipally liable for the Constitutional violation that

resulted from the forcible removal of Brandt from the City Council Meeting and his subsequent

arrest because the decision to remove Brandt was an exercise of official municipal policy by a

final policymaker for the City of Westminster, Mayor Atchison.

### i. Mayor Atchison is a final policymaker for the City of Westminster.

The Tenth Circuit has set out a three factor test for determining who is a final

policymaker for purposes of municipal liability, including whether 1) the official is meaningfully

constrained by policies made by another; 2) the official's decisions are subject to meaningful

review; and 3) the decisions are within the realm of the official's authority. *Randle v. City of

Aurora*, 69 F.3d 441, 448 (10th Cir. 1995). When determining whether a government official is a

final policymaker, courts are to first look to state or local law. *Dempsey v. City of Baldwin*, 143

F. App'x 976, 986 (10th Cir. 2005). The City of Westminster Charter makes clear that the Mayor

has final policymaking authority over decisions regarding the conduct and administration of City

Council meetings. It states, in relevant part:

> [T]he Mayor shall be the executive head of the City. He shall have a voice and
> vote in all proceedings of the Council equal to that of other members of the
> Council but shall have no veto power. *He shall be the presiding officer of the
> Council*.

City of Westminster City Charter – Chapter VI: Section 4.5 (emphasis added).

> "[t]he presiding officer shall enforce orderly conduct at meetings… [a]ny police officer designated by the presiding officer of the meeting shall serve as the Sergeant at Arms of the Council in the enforcement of the provisions of this section."

Westminster City Charter – Chapter VII: Section 7.6. As presiding officer of the Council, Mayor Atchison has ultimate responsibility for the administration and functioning of City Council meetings, including the orderly conduct of City Council meetings. Necessarily included in Mayor Atchison's role as the final policymaking authority with regards to the orderly conduct of City Council meetings is his ability to determine who, as a matter of official policy, may, or may not, speak during the citizen communications period of meetings and the power to eject individuals from City Council meetings. The testimony of Newton makes it clear that Atchison was the final policymaker with regards to administration of City Council meetings and had final authority to determine who could, or could not, speak during the citizen communications period of City Council meetings. As the Sergeant at Arms, Newton notes that he always looked to Mayor Atchison during City Council meetings to determine whether to silence or remove speakers during the open comment period of City Council meetings. Newton's recognition of Mayor Atchison's authority to control, and set policy for, City Council meetings speaks to Mayor Atchison's status as a final policymaker for the City of Westminster.

Moreover, it is clear that Mayor Atchison is not constrained by the policies of the City Council when it comes to the functioning and administration of City Council meetings. The Mayor presides with unbridled authority over City Council meetings. Moreover, the City Council does not review Mayor Atchison's decisions as to whether to eject someone from City Council meetings or to restrict the ability of individuals to comment during the open comment period.

The City Council has not issued any discipline to Mayor Atchison for his removal of Eric Brandt and Mayor Atchison apologized to Eric Brandt at the August 25, 2014, City Council Meeting of his own accord.

Finally, the decision of whether to eject someone from City Council meetings or to shut down their discourse during the open comment period is clearly within the Mayor's sole control. This is evidenced by the ejection of Eric Brandt, as no vote was taken by the City Council before, and no ratifying vote was taken after, his ejection from the Meeting. Brandt's ejection was based solely upon an edict from Mayor Atchison. Thus, Mayor Atchison is a final policymaker for the City of Westminster and the City of Westminster is municipally liable for Mayor Atchison's policy decision to eject Eric Brandt from the August 11, 2014, City Council Meeting.

## III.   Brandt was arrested in retaliation for his protected First Amendment speech at the City Council Meeting (Claim IV).

"[A]ny form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000). If "the plaintiff was engaged in constitutionally protected activity[,]" "the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity[,]" and "the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct," then retaliation in violation of the First Amendment has been established. *Id*. at 1212. Brandt can establish each element of a retaliation claim at this stage in litigation.

As previously stated, it is clear that Brandt's political speech at a designated public forum was constitutionally protected activity. Defendants actions, in forcibly ejecting Brandt from the

City Council meeting, arresting him, handcuffing him, taking him to jail, and charging him with three separate municipal code violations, caused Brandt to suffer an injury that would chill a person of ordinary firmness from ever again attempting to speak during the open comment period at a City of Westminster City Council meeting. [1] There is no doubt that arrest would chill a person of ordinary firmness.

Finally, Brandt can establish that his ejection from the City Council Meeting and subsequent arrest were motivated by his speech. The Tenth Circuit has noted that, "[p]recisely because the ultimate fact of retaliation turns on defendants' state of mind, it is particularly difficult to establish by direct evidence." *Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990). Plaintiff, however, has uncontroverted *direct evidence* illustrating that Defendant Atchison's directive was motivated by Brandt's speech activity. Mayor Atchison admitted that Brandt was ejected because of the subject matter of his speech and that censorship of that subject matter motivated him to direct Newton to eject Brandt. Given this evidence, Brandt has met the low bar for proving the third element of a First Amendment retaliation claim.

## IV.   Defendants violated Brandt's First Amendment right to petition the government for redress of his grievances (Claim II).

The First Amendment guarantees the right to petition the government for the redress of grievances. U.S. Const. Amend. I. The Supreme Court has explained that the right to petition is "inseparable" from and "was inspired by the same ideals of liberty and democracy that gave us

---

[1] To establish the second element of a First Amendment retaliation claim, "a defendant's conduct need not be egregious; petty harassment and ridicule, for example, may suffice." *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir. 1982); *see also Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir. 2003) (holding that punitive actions by the city's mayor against plaintiff, including the issuance of parking tickets, although "typically only petty offenses, not even misdemeanors[,] ... have concrete consequences[,]" and therefore satisfied the second element of the retaliation claim).

the freedoms to speak, publish, and assemble." *McDonald v. Smith*, 472 U.S. 479, 485, 86 L. Ed. 2d 384, 105 S. Ct. 2787 (1985) (citations omitted).

Individuals who attend and speak out at City Council meetings "are exercising their First Amendment right to petition the government." *Erum v. County of Kauai*, 2008 U.S. Dist. LEXIS 22647, 2008 WL 76321 (D. Hawaii); *See, e.g.*, *Christian Gospel Church, Inc. v. City & County of San Francisco*, 896 F.2d 1221, 1226 (9th Cir. 1990) (neighbors who opposed zoning permit application by "'testifying before the Planning Commission" were "fully protected by the First Amendment" right to petition); *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000)  (holding that plaintiffs exercised their First Amendment right to petition the government for redress of grievances by "attending and speaking out at zoning adjustment board hearings [.]"); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 195 (2d Cir. 1994) (attending public meetings and hearings of the Board of Trustees, the Planning Board and the Zoning Board of Appeals fell within the First Amendment's right to petition); *Wolocko v. Town of Ridgefield*, 2000 U.S. Dist. LEXIS 20459, 2000 WL 565447 *5 (D.Conn. March 31, 2000) (writing letters to the town's Board of Selectmen that voice opposition to an application for a permit to sell hotdogs was protected by the First Amendment right to petition). Brandt's speech at the City Council meeting was activity protected by the First Amendment's right to petition the government for redress of grievances.

Brandt was petitioning the City of Westminster, a municipal government, for the redress of his grievances when Defendants forcibly removed him from the City Council Meeting and arrested him. Brandt was arrested on the basis of his petition to the government and the exercise of his First Amendment rights. Brandt's arrest violated his First Amendment right to petition and forms an independent basis for granting Brandt's summary judgment motion.

**V.**      **No probable cause existed to arrest Brandt at the City Council Meeting (Claim III).**

A warrantless arrest violates the Fourth Amendment unless it was supported by probable cause. *Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (internal quotation marks omitted).

Because the uncontroverted evidence demonstrates that Brandt was arrested without probable cause, Defendants are liable under § 1983 if "a reasonable official would have known that h[is] actions were unlawful." *Keil v.Triveline*, 661 F.3d 981, 985 (8th Cir. 2011); *see also United States v. Martin*, 411 F.3d 998, 1001 (8th Cir. 2005) (finding a mistake of law "must be objectively reasonable to avoid running afoul of the Fourth Amendment."). Their subjective beliefs about the unlawfulness of Brandt's conduct are irrelevant. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1220 (10th Cir. 2008) (finding law clear, and "no reasonable person in [officer's] position could have thought he had probable cause to arrest [suspect]."). All that matters is whether a reasonable officer could have believed Brandt's conduct to be in violation of the law. *Id.*

Rather than being based on probable cause, Brandt's arrest was for engaging in expressive conduct about an issue of public concern at a public forum. Both Atchison and Newton conveyed in their depositions that Brandt was arrested for his speech at the City Council Meeting. The arrest of an individual for expressive conduct that is not otherwise illegal is unreasonable. *See Copeland v. Locke*, 613 F.3d 875, 880 (8th Cir. 2010) ("No reasonable police officer could believe that he had actual probable cause to arrest an individual for such protected [expressive] activity."); *Halpin v. City of Camden*, 310 F. App'x 532, 534 (3d Cir. 2009)

(finding no reasonable mistake of law when suspect arrested for legal, constitutionally protected speech). Engaging in protected First Amendment activity cannot form the basis for a lawful arrest.

Defendant Newton also stated in his deposition that he arrested Brandt based on his belief that Brandt's speech during the citizen communications portion of the City Council Meeting on August 11, 2014, violated C.R.S. § 18-9-110, which criminalizes trespass and interference in public buildings. C.R.S. § 18-9-110 states, in relevant part,

> No person shall willfully refuse or fail to leave any such public building upon being requested to do so by the chief administrative officer or his designee charged with maintaining order in such public building, if the person has committed, is committing, threatens to commit, or incites others to commit any act which did, or would if completed, disrupt, impair, interfere with, or obstruct the lawful missions, processes, procedures, or functions being carried on in the public building[;] No person shall, at any meeting or session conducted by any judicial, legislative, or administrative body or official at or in any public building, willfully impede, disrupt, or hinder the normal proceedings of such meeting or session by any act of intrusion into the chamber or other areas designated for the use of the body or official conducting the meeting or session or by any act designed to intimidate, coerce, or hinder any member of such body or official engaged in the performance of duties at such meeting or session[;] The term "public building", as used in this section, includes any premises being temporarily used by a public officer or employee in the discharge of his official duties.

Objectively, no reasonable officer would believe that Brandt violated any provision of C.R.S. 18-9-110. Brandt's speech occurred within the citizen communications portion of the Council Meeting, which Defendants concede was open for speech on *any* issue, unless the issue had already been scheduled for another public hearing. Brandt's speech was not on an issue that had already been scheduled. He was being disruptive. He did not impede the proceedings or continue to speak past the five minute limit for citizen communications. If anything, Mayor Atchison disrupted the proceedings by interrupting Brandt during the citizen communications portion, wherein Brandt had the floor to speak about any issue. Newton has admitted that he was

aware at the time he arrested Eric Brandt that it was a violation of the First Amendment to the United States Constitution to arrest someone simply for engaging in speech activity critical of the government during the open comment period of a public meeting.  Brandt was engaged in this constitutionally protected activity when he was arrested by Newton for violating C.R.S. § 18-9-110. Defendants lacked objective probable cause to arrest Brandt and, therefore, violated his Fourth Amendment rights when they forcibly removed him from the meeting and placed him under arrest.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to enter summary judgment in his favor and against each Defendant.

Dated this 17th day of November, 2015.

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*
_____
David A. Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
dlane@kln-law.com
amcnulty@kln-law.com

*Attorneys for Plaintiff*