*Eric Brandt vs.*

*The City of Westminster, Colorado, et al.*

*Deposition of Mayor Herbert L. Atchison*

*September 17, 2015*



700 17th Street, Suite 1750
Denver, CO  80202
303-988-8470 (Office)   303-988-8478 (Fax)
SKReporting.com

**Eric Brandt vs.**  
The City of Westminster, Colorado, et al.

**Deposition of Mayor Herbert L. Atchison**  
September 17, 2015

**Page 1**

```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLORADO
_____

ERIC BRANDT,

Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality;
MAYOR HERB ATCHISON, in his official and individual
capacity; WESTMINSTER POLICE OFFICER PAUL E. NEWTON,
in his official and individual capacity;
Defendants.
_____
                                     COURT USE ONLY
                                     _____

                            Civil Action No.:
                            1:14-cv-02994-WYD-NYW
_____

          DEPOSITION OF MAYOR HERBERT L. ATCHISON

                      September 17, 2015
_____
```

**Page 2**

```
 1  APPEARANCES:
 2  For the Plaintiff:
            DAVID A. LANE, ESQ.
 3          Killmer, Lane & Newman, LLP
            1543 Champa Street, Suite 400
 4          Denver, Colorado 80202
            Phone:  303-571-1000
 5          Email:  Dlane@kln-law.com
 6  For the Defendants City of Westminster and Mayor Herb
    Atchison:
 7          THOMAS S. RICE, ESQ.
            Senter Goldfarb & Rice, L.L.C.
 8          3900 E. Mexico Avenue, Suite 700
            Denver, Colorado 80210
 9          Phone:  303-320-0509
            Email:  Trice@sgrllc.com
10
    For the Defendant Officer Paul E. Newton:
11          JOSH MARKS, ESQ.
            Berg Hill Greenleaf & Ruscitti, LLP
12          1712 Pearl Street
            Boulder, Colorado 80302
13          Phone:  303-402-1600
            Email:  Jam@bhgrlaw.com
```

**Page 3**

```
 1       PURSUANT TO NOTICE, and the Federal
 2  Rules of Civil Procedure, the DEPOSITION of
 3  MAYOR HERBERT L. ATCHISON, called by the Plaintiff,
 4  was taken on September 17, 2015, commencing at
 5  10:26 a.m., at 1543 Champa Street, Suite 400, Denver,
 6  Colorado 80202, before Chandra L. Monis, a Registered
 7  Professional Reporter and Notary Public in and for
 8  the State of Colorado.
 9                      INDEX
10  EXAMINATION                                     PAGE
11  Mr. Lane                                           4
12                                              INITIAL
    EXHIBITS                                   REFERENCE
13
    (No exhibits were marked.)
14
    PREVIOUSLY MARKED EXHIBITS
15
    1  DVD                                            14
```

**Page 4**

 1      P R O C E E D I N G S
 2      MAYOR HERBERT L. ATCHISON,
 3 having been duly sworn to state the whole
 4 truth, testified as follows:
 5      EXAMINATION
 6 BY MR. LANE:
 7     **Q.  Sir, could you state your name and spell your name for the record.**
 9     A.  My legal name is Herbert L. Atchison, last name is A-t-c-h-i-s-o-n.
11     **Q.  And how are you employed?**
12     A.  I have a private consulting practice that I do as employment.  And I'm also an elected member of the City of Westminster.
15     **Q.  Are you an attorney?**
16     A.  No, I am not.
17     **Q.  What kind of consulting do you do?**
18     A.  Project construction management and some economic development.
20     **Q.  Okay.  And you're the mayor of Westminster?**
22     A.  Yes, sir.
23     **Q.  How long have you been the mayor?**
24     A.  It'll be two years in November.
25     **Q.  Have you ever been sued before?**

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 3 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

Page 5

1  A.  No.
2  Q.  Okay.  There are various rules in the
3  deposition that exist.  And I'm sure Mr. Rice has
4  gone over them with you, but I'm going to do that now
5  briefly.
6  A.  Okay.
7  Q.  Have you ever had your deposition taken
8  before?
9  A.  Yes.
10  Q.  Okay.  And in what context was that
11  done?
12  A.  A homeowners' lawsuit against a
13  resident.
14  Q.  Okay.  One time you've had your
15  deposition taken, and that's it?
16  A.  Uh-huh.
17  Q.  Here's one rule that you just trod
18  upon, and that is you have to answer yes or no.
19  A.  Okay.
20  Q.  Because it's difficult for the court
21  reporter to take down an uh-huh or huh-uh or a shake
22  of the head or nod of the head.
23  A.  All right.
24  Q.  If you don't understand my questions,
25  you're perfectly within your right to ask me to

Page 6

1  rephrase or clarify.  Do you understand that?
2  A.  Yes.
3  Q.  And any time you want to consult with
4  Mr. Rice, you can do that, with the caveat that if
5  there's a question pending before you, you have to
6  answer it before you can consult with your attorney.
7  Do you understand that?
8  A.  Yes.
9  Q.  Okay.  Excuse me, my allergies have
10  been really bad.
11      Do you know why we are here today?
12  A.  Yes.
13  Q.  Okay.  What is your understanding of
14  the reason we're here today?
15  A.  Claim made against the City in regards
16  to Mr. Brandt.
17  Q.  Okay.  Do you understand the claims
18  against you as the mayor of the City?
19  A.  Yes.
20  Q.  Okay.  And what is it that Mr. Brandt
21  has alleged that you have done wrong?
22  A.  As I understand, it is a violation of
23  his First Amendment rights.
24  Q.  Okay.  And what is the nature of what
25  it was that was happening that he claims you violated

Page 7

1  his First Amendment rights on?
2  A.  I believe it was that we stopped his
3  testimony during a public comment period.
4  Q.  Okay.  Do you believe you violated the
5  First Amendment?
6  A.  Do I believe I violated it?
7  Q.  Yeah.
8  A.  No.
9  Q.  Why not?
10  A.  Because it wasn't a point where I was
11  stopping his testimony.  I was trying to get him to
12  stop, so I could ask him a question.  And he was
13  allowed to continue at a later date.
14  Q.  Well, after he went to jail, he was
15  allowed to come back at some future time and
16  continue; is that correct?
17  A.  As far as going to jail, I don't know
18  if he went to jail or not.  I know he was removed
19  from the room that night.
20  Q.  Why was he removed from the room?
21  A.  Because he was disruptive.
22  Q.  I see.  Well, let's -- so you don't
23  believe you have violated the First Amendment; is
24  that correct?
25  A.  That's correct.

Page 8

1  Q.  And do you also understand that there's
2  a Fourth Amendment violation alleged here also, that
3  he was arrested without probable cause to believe he
4  had committed any crime?
5  A.  I'm not sure.
6  Q.  What documents have you read in
7  preparation for your testimony today?
8  A.  Not any, I don't believe.
9  Q.  Well, have you -- okay.
10      Have you listened to the audiotape or
11  watched the videotape of the meeting prior to coming
12  here today?
13  A.  I heard a portion of it, but not heard
14  the full thing.
15  Q.  Now, you apologized about a week later
16  to Mr. Brandt, didn't you?
17  A.  Yes.
18  Q.  Why did you apologize?
19  A.  Felt that we needed to clear the air
20  and let him come back and do the conversation that he
21  wanted to do.  And I allowed him to do that.
22  Q.  Why would -- why did you stop him, if
23  what he was saying was protected speech?
24  A.  The issue that I thought he was trying
25  to do was testify on a pending case.  And I felt that

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 4 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

Page 9

1  I needed to advise him that I felt it was more
2  important that he had an attorney present, but I
3  never got that point in the conversation.
4      Q.  Well, there was no pending case, was
5  there?
6      A.  To my understanding, there was.
7      Q.  As you sit here today, was there a
8  pending case where Eric Brandt had sued Westminster
9  at the time of that City council meeting on
10 August 11, 2014?
11          MR. RICE:  Object to the form of the
12 question.  Go ahead and answer.
13      A.  To my understanding, there was a case
14 that he had filed.
15      Q.  (By Mr. Lane)  And do you now know that
16 there was no case that he had filed?
17          MR. RICE:  Same objection.  Go ahead.
18      A.  No.
19      Q.  (By Mr. Lane)  As you sit here today,
20 do you still believe he had a pending case?
21      A.  At that time, yes.
22      Q.  Okay.  If I told you he had no pending
23 case, would that be a news flash for you at this
24 point?
25          MR. RICE:  Object to the form of the

Page 10

1  question.
2      A.  Would you please repeat the question.
3      Q.  (By Mr. Lane)  I'm telling you, as of
4  August 11, 2014, Eric Brandt had no lawsuits pending
5  against Westminster.  I'm telling you that's a fact.
6  Is this news to you?
7      A.  Yes.
8      Q.  So no one has ever told you until right
9  this minute that as of August 11, 2014, Eric Brandt
10 had no lawsuits pending against Westminster?
11          MR. RICE:  You can answer that question
12 to the extent that that deals with things other than
13 discussions with your attorneys.  If it has to do
14 with discussions with your attorneys, then you're
15 instructed not to answer under the basis of
16 attorney-client privilege.
17      A.  Mr. Lane, I'm not sure how to answer.
18 I understood, but I also heard the comment from
19 Mr. Rice.  And I'm not sure how to answer, sir.
20      Q.  (By Mr. Lane)  Well, you just testified
21 that as you sit here today, this is the first you've
22 ever heard that Eric Brandt had no pending lawsuits
23 against Westminster on August 11, 2014.  Is that your
24 testimony?
25          MR. RICE:  I think that you asked him

Page 11

1  whether or not he knew if there were lawsuits.  And
2  then you asked him if this is a news flash to you and
3  has anybody told you that.  And in which case, I
4  intervened and said that he shouldn't discuss what he
5  discussed with attorneys.
6      Q.  (By Mr. Lane)  You said, correct me if
7  I'm wrong, is right now -- I'm putting it out on the
8  table.  There was no lawsuit pending on August 11,
9  2014.  Is this the first you've ever heard that?
10         MR. RICE:  With the same instruction I
11 gave earlier with regard to that same question.
12     A.  Gentlemen, I'm sorry, but between the
13 two of you, I'm not sure how to respond.
14     Q.  (By Mr. Lane)  Okay.  You invited him
15 back next week -- approximately a week later on
16 August 18 to continue his speech, didn't you?
17         MR. LANE:  What was the date?
18         MR. RICE:  It was two weeks later on
19 the 25th.
20     Q.  (By Mr. Lane)  The 25th?
21     A.  Correct.
22     Q.  Presumably, somebody told you between
23 August 11 and August 25, that he's allowed to talk
24 about what he was talking about, right?
25         MR. RICE:  And to the extent that --

Page 12

1      Q.  (By Mr. Lane)  I'm not asking you who.
2  I'm just asking you:  Did somebody tell you?
3          MR. RICE:  You don't get to ask him
4  about the content of the communications he had with
5  his attorneys.
6          MR. LANE:  I'm not asking him about --
7          MR. RICE:  You are.  You're implicitly
8  asking him that, Did anybody tell you that?  Okay.
9          MR. LANE:  Right.
10         MR. RICE:  You don't get to ask him
11 about what he discussed with his attorneys.  So to
12 the extent that your question asks him to disclose
13 what he talked to his attorneys about, I'm
14 instructing him not to answer.
15     Q.  (By Mr. Lane)  And I'm asking you:
16 Between the 25th of August and the 11th of August,
17 did somebody -- did anyone in the world inform you
18 that Eric Brandt has no cases pending?
19         MR. RICE:  And my instruction is the
20 same, to the extent that you have to answer that by
21 referring to discussions you had with your legal
22 counsel, you should not answer that part of the
23 question.
24     Q.  (By Mr. Lane)  What is your answer,
25 sir?

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 5 of 17

Eric Brandt vs.  
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison  
September 17, 2015

Page 13

1  A. I will adhere to the advice of my
2  attorney, sir.
3      MR. RICE: You can ask him if anybody
4  other than his attorneys told him that, in which case
5  the question wouldn't be objectionable.
6      Q. (By Mr. Lane) Did anybody but your
7  attorneys ever tell you that there is no case
8  pending?
9      A. No.
10     Q. Okay. Now, you decided that on the
11 11th, he was not allowed to make his speech about
12 what he was talking about, right?
13     A. Yes.
14     Q. And then on the 25th, you decided he's
15 allowed to make his speech; isn't that correct?
16     A. Yes.
17     Q. Now, what changed your mind?
18     A. Consultation with the City attorney.
19     Q. Okay. Now, you've already testified
20 here you didn't violate his First Amendment rights in
21 your opinion; is that right?
22     A. Yes.
23     Q. Would it be a First Amendment
24 violation, based on your understanding of the First
25 Amendment, if you tried to stop him from commenting

Page 14

1  at an open mike at a City council meeting based on
2  the content of what he was talking about?
3      A. Please repeat, Mr. Lane.
4      Q. Let me make it simple.
5      A. Okay.
6      Q. When was the last time you listened to
7  the audio of what happened there?
8      A. I heard a portion of it about two weeks
9  ago.
10     Q. Okay. I'm going to play it right now.
11     A. Okay.
12     Q. And maybe this will smooth things and
13 make it easier to ask questions. All right. This is
14 the City council meeting, Exhibit 1, on August 11,
15 2014, at the 28 minute, 11 second mark.
16     (Audio playing.)
17     (Audio stopped.)
18     Q. Okay. Was that a fair and accurate
19 recording of the incident?
20     A. Yes.
21     Q. Okay. First of all, do you
22 acknowledge, as you sit here today, was there --
23 withdrawn.
24     Do you acknowledge today that there was
25 no pending lawsuit at that time?

Page 15

1      A. Based on your comments, I have no
2  reason not to believe it.
3      Q. Okay. Do you know of some rule whereby
4  a person at an open mike at a City council meeting,
5  even if they do have a pending lawsuit, they're not
6  allowed to talk about it at a City council meeting?
7      A. It is my understanding that when we are
8  hearing this at a City council meeting, if it's
9  something we're going to take action on, that is
10 pending, that we would be doing that with our
11 attorneys present and the other parties present.
12     Q. And you're not taking any action at
13 this City council meeting, you're simply listening to
14 people come to an open mike and talk about what they
15 want to talk about, aren't you?
16     A. In most cases, yes.
17     Q. Well, in this case, Eric Brandt started
18 to talk about his protest in Westminster, didn't he?
19     A. Yes.
20     Q. And you understood what he was
21 referring to, didn't you?
22     A. Yes.
23     Q. Because you knew and you had personally
24 seen Eric Brandt running around Westminster with his
25 big flipping the bird sign that says "Fuck cops" on

Page 16

1  it, right?
2      A. Yes.
3      Q. And so you understood the content of
4  what he was talking about when he approached the
5  podium and gave his speech; isn't that correct?
6      A. Yes.
7      Q. And my question to you is: As a member
8  of the City council, first of all, you had invited
9  everyone in the room to come up and talk for five
10 minutes about pretty much whatever they wanted to,
11 unless there was already a public hearing set on a
12 particular issue, in which case, you wanted them --
13 don't waste everybody's time, we're going to have a
14 public hearing on it, just you let that lie, but can
15 talk about anything else you want to, right?
16     MR. RICE: I'm going to object to the
17 form.
18     Q. (By Mr. Lane) That's paraphrasing.
19 That's what your intent was, wasn't it?
20     MR. RICE: Well, object to the form of
21 the question. Go ahead and answer.
22     A. Yes.
23     Q. (By Mr. Lane) Okay. So he comes up
24 and he starts talking about his protest against the
25 police in Westminster, right?

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 6 of 17

Eric Brandt vs.                                                                 Deposition of Mayor Herbert L. Atchison
The City of Westminster, Colorado, et al.                                       September 17, 2015

Page 17

1  A. Yes.
2  Q. You stop him from talking about it,
3  didn't you?
4  A. I asked him to stop, yes.
5  Q. And he didn't stop, correct?
6  A. Correct.
7  Q. And so you had him removed?
8  A. Correct.
9  Q. You wanted him stopped, and you had him
10 removed based on the content of what he was talking
11 about; isn't that correct?
12 A. No.
13 Q. Well, had he been talking about the
14 beautiful flower gardens all over Westminster, you
15 wouldn't have stopped him, would you?
16 A. No.
17 Q. The fact he was talking about his
18 protest and police issues in Westminster -- that was
19 the content of what he was talking about, right?
20 A. Yes.
21 Q. And based upon the content of what he
22 was talking about, you made a determination to stop
23 him from saying anything about it, right?
24 A. I asked him to stop.
25 Q. Based on the content of his speech,

Page 18

1  correct?
2  A. Correct.
3  Q. And he wouldn't stop, would he?
4  A. No, he did not.
5  Q. And at that point, you had him removed
6  by the police officer present, didn't you?
7  A. Yes.
8  Q. All right. Can you point to any rule
9  of law, to any ordinance, to any protocol, to any
10 anything that says, If a person has a lawsuit
11 pending, they are not allowed to address the City
12 council at an open mike about their lawsuit?
13 A. No.
14 Q. Okay. You simply disapproved of the
15 content of his message, didn't you?
16 A. No.
17 Q. Why did you want him to stop delivering
18 his speech?
19 A. In the point Mr. Brandt was making, it
20 was my intent to ask him if he was going to, as I
21 did, talk about the lawsuit, that I would prefer that
22 he do that with his attorney present or within a --
23 in anything where we're doing -- not a legislative
24 level hearing, that we would hear the evidence.
25     But in some of these cases, because it

Page 19

1  could be a court case or something, where we would,
2  as a council, have to make a decision or direct the
3  City staff, that we would do that in a different
4  setting than there. Because we don't take -- in that
5  public comment period, we don't allow conversation
6  back and forth between the two parties.
7  Q. Well, nobody was requiring anybody on
8  the City council to make any oral/verbal response to
9  anything anyone was saying, right?
10 A. Correct.
11 Q. In fact, it's very common for people to
12 take their five minutes -- they vent for five
13 minutes, their time is up, they sit down with
14 absolutely no response from anybody on the council?
15 That's very common, isn't it?
16 A. Yes.
17 Q. So nobody was asking you to engage in a
18 dialog with Eric Brandt at the podium that day, were
19 they?
20 A. No.
21 Q. Eric Brandt wasn't asking you to
22 respond to him? He wasn't peppering you guys with
23 questions, was he?
24 A. No.
25 Q. He was simply making a speech about his

Page 20

1  protest against the police in Westminster, wasn't he?
2  A. Yes.
3  Q. Do you understand that under the First
4  Amendment to the United States Constitution that is
5  protected speech?
6  A. Yes.
7  Q. Do you understand that the government
8  is not permitted as a matter of law to sensor or shut
9  down people who are engaged in the protected activity
10 of making a speech?
11 A. Yes.
12 Q. You were a representative of the
13 Westminster government, were you not?
14 A. Yes.
15 Q. Eric Brandt was engaged in a protected
16 speech activity, was he not?
17 A. Yes.
18 Q. You, as a representative of the
19 government, shut him down based on the content of his
20 speech, did you not?
21 A. No.
22 Q. Okay. And it is your contention that
23 you didn't shut him down, you merely delayed the
24 speech for two weeks; is that correct?
25 A. No.

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 7 of 17

Eric Brandt vs.                                                         Deposition of Mayor Herbert L. Atchison
The City of Westminster, Colorado, et al.                                                    September 17, 2015

Page 21

1  Q. How is it that if what he was doing was
2  protected speech at the podium at the City council on
3  October [sic] 11, 2014, and you shut him down at that
4  point -- why is that not a First Amendment violation
5  in your mind?
6     A. I asked Mr. Brandt to basically yield.
7  He refused to, continued to continue with his
8  presentation. And when he failed to yield to a
9  request of the chair to stop, not that I wanted him
10 not to continue, but to stop so I could talk to
11 him -- that's why, in my opinion, it became
12 disruptive.
13    Q. Well, it became disruptive when
14 Mr. Brandt -- according to you, when he wouldn't stop
15 making his speech, correct?
16    A. Yes.
17    Q. I mean, he was not being loud? He was
18 not being inappropriate in anything he said up until
19 the point you said, Mr. Brandt, where are you going
20 with this, right? And then he said, I encourage you
21 not to interrupt my five minutes, or words to that
22 effect, right?
23    A. Yes.
24    Q. He wasn't doing anything inappropriate
25 up until then, was he?

Page 22

1     A. No.
2     Q. All right. He was simply making a
3  speech about police misconduct and his protests in
4  Westminster, wasn't he?
5     A. Yes.
6     Q. At the outset of the speech, he said he
7  had a friend who was willing to yield his five
8  minutes or her five minutes to Mr. Brandt, and you
9  made a comment, Everybody gets five minutes, period,
10 the end, right?
11    A. Correct.
12    Q. You never informed Mr. Brandt or
13 anybody else in that room that, Oh, by the way, if I
14 tell you to stop, you have to stop? You never said
15 that, did you?
16    A. No.
17    Q. And in fact, Mr. Brandt, when you asked
18 him a question, responded by saying, Stop
19 interrupting me, essentially, this is my five
20 minutes, right?
21    A. Yes.
22    Q. That made you angry, didn't it?
23    A. No.
24    Q. Okay. Well, did you hear any change in
25 your tone of voice at that point?

Page 23

1     A. I don't believe so.
2     Q. All right. Were you angry that
3  Mr. Brandt was ignoring you and was continuing to
4  make his speech?
5     A. No.
6     Q. What changed between August 11 and
7  August 25, when you apologized to him and invited him
8  back to finish his speech?
9     A. A discussion with our City attorney.
10    Q. Okay. Why did you -- why did you
11 apologize to him? What had you done wrong that
12 required an apology?
13    A. I don't believe I did anything wrong.
14    Q. Well, why would you apologize, if you
15 hadn't done something wrong?
16    A. Because the incident occurred in
17 public.
18    Q. Well, whose fault was that?
19       MR. RICE: Object to the form of the
20 question. Go ahead and answer if you can.
21    A. I think it was everyone's.
22    Q. (By Mr. Lane) Well, I mean, it's your
23 testimony today that you didn't do anything wrong at
24 that meeting on October -- or August 11; is that
25 right?

Page 24

1     A. That's right.
2     Q. All right. You did stop him from
3  speaking however, did you not?
4     A. I did.
5     Q. Two weeks later you had invited him
6  back to continue; is that correct?
7     A. That's correct.
8     Q. And apparently, you had rethought your
9  position by August 25, when you had invited him to
10 come back, hadn't you?
11    A. Yes.
12    Q. And you let him continue making exactly
13 the same speech that he previously made; isn't that
14 right?
15    A. Yes.
16    Q. So you acknowledged that the speech he
17 was making was, in fact, First Amendment protected
18 speech in a public forum, correct?
19    A. Yes.
20    Q. And that's why you let him make his
21 speech on August 25 without interruption; isn't that
22 correct?
23    A. Yes.
24    Q. So what we are then left with is that
25 you stopped him from making a First Amendment

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 8 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

Page 25

1  protected speech on August 11, didn't you?
2      A.  Yes.
3      Q.  Now, your understanding -- I understand
4  you're not a lawyer, but you are a mayor.  And you've
5  taken an oath to preserve, protect, and defend the
6  constitution of the United States of America?
7      A.  Yes.
8      Q.  In order to preserve, protect, and
9  defend the constitution, you have to have at least
10 some rudimentary knowledge of what the constitution
11 consists of, correct?
12     A.  Yes.
13     Q.  All right.  And you know the First
14 Amendment is part of the constitution, don't you?
15     A.  Yes.
16     Q.  And the First Amendment covers five
17 different freedoms.  I don't expect you to be able to
18 tell me what those five different freedoms are.  But
19 among them, you understand the First Amendment
20 protects your right to free speech, correct?
21     A.  Yes.
22     Q.  And you would agree with me that on
23 August 11, 2014, Eric Brandt was engaged in free
24 speech, correct?
25     A.  Yes.

Page 26

1      Q.  The other aspect of the First Amendment
2  that exists -- the second part of it is you have a
3  right to petition your government for redress of
4  grievances.  Do you understand that?
5      A.  Yes.
6      Q.  And that's what the purpose of the open
7  mike was at the City council meeting on August 11,
8  2014, wasn't it, to allow citizens to come before
9  their government and tell the government whatever
10 they wanted to talk about, be it praise, be it
11 criticism, be it complaint, be it whatever?  The
12 point of the open mike is for citizens to be able to
13 petition their government; is that right?
14     A.  Yes.
15     Q.  All right.  You would also agree with
16 me that Eric Brandt was engaged in the First
17 Amendment protected activity for petitioning his
18 government for redress of grievances in his August 11
19 speech?  You would agree with that, wouldn't you?
20     A.  Yes.
21     Q.  Do you know of any rule of decorum or
22 any protocol in the Westminster City council rules
23 that says if you have a pending lawsuit against
24 Westminster, you're not allowed to talk about facts
25 of the underlying case at an open mike?

Page 27

1          MR. RICE:  Object as asked and
2  answered.  Go ahead and answer.
3      A.  Please repeat.  I'm sorry.
4      Q.  (By Mr. Lane)  Yeah.  Do you know of
5  any rule of decorum or protocol in Westminster City
6  government that says if you have a pending lawsuit
7  against the City, you're not allowed to talk about
8  the underlying facts at a City council meeting?
9          MR. RICE:  Same objection and
10 instruction.  Go ahead.
11     A.  No.
12     Q.  (By Mr. Lane)  Okay.  Let me ask you
13 this:  Have you had discussions with other members of
14 City council about your action on August 11, 2014?
15     A.  Yes.
16     Q.  Have you been criticized by other
17 members of City council in private conversations with
18 them about how you proceeded on August 11, vis-a-vis
19 Eric Brandt?
20     A.  Not that I recall.
21     Q.  Well, has any -- any member of the City
22 council said anything to you about, Jeez, Mayor, you
23 got us into a big fat mess by doing this, or words to
24 that effect?
25     A.  Not that I recall.

Page 28

1      Q.  Did you -- you, as a mayor, are the
2  chief policymaker for Westminster, are you not?
3      A.  No.
4      Q.  Who is?
5      A.  The council.
6      Q.  All right.  Have you ever been
7  admonished by the council for having Eric Brandt
8  removed from the podium on August 11 --
9      A.  No.
10     Q.  -- 2014?
11         Did you violate any aspect of
12 Westminster official custom, practice, or policy by
13 having Eric Brandt removed from the podium on
14 August 11, 2014?
15     A.  I don't believe so.
16     Q.  Okay.  So you did it by the book,
17 right?  Everything you did on August 11, 2014, you'd
18 do it again, wouldn't you?
19     A.  Not necessarily.
20     Q.  Well, why not?
21     A.  Because the facts are known different
22 now.
23     Q.  Okay.  And the facts -- the only facts
24 that are known different that he doesn't -- he didn't
25 have any pending lawsuit, right?

Case 1:14-cv-02994-DDD-NYW  Document 29-1  Filed 11/17/15  USDC Colorado  Page 9 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

Page 29

1    A.  No, that wasn't the comment I made.
2    Q.  What are the different facts now that
3  you're talking about?
4    A.  The discussion I had with the City
5  attorney.
6    Q.  Okay.  Well, presumably you had a legal
7  discussion with the City attorney.  I'm not asking
8  you what that is.  I'm asking you why would you not
9  do again today, what you did on August 11, 2014.
10    A.  Because I have different knowledge of
11  the incident from that night that I didn't have that
12  night.
13    Q.  Different legal knowledge or just
14  different factual knowledge?
15    A.  Both.
16    Q.  What are the facts that have changed?
17    A.  That based upon your comment, that
18  there may not have been a case pending against the
19  City.
20    Q.  Okay.  Well, let me ask you this:  Now
21  Eric Brandt has a case pending against the City?
22    A.  Yes.
23    Q.  Okay.  And do you still do open mikes?
24    A.  Yes.
25    Q.  And if Eric Brandt wants to come in and

Page 30

1  do an open mike and give exactly the same speech that
2  he was giving before on August 11 and August 25,
3  would you stop him?
4    A.  No.
5    Q.  But he has a pending case?
6    A.  Uh-huh.
7    Q.  Why wouldn't you stop him?
8    A.  I didn't stop him because he was doing
9  his testimony.  I asked him to yield the floor, and
10  that's when he didn't.
11    Q.  Well, yield the floor means stop,
12  right?
13    A.  Pause, stop, yes.
14    Q.  Call it whatever you want, you're
15  stopping him from giving a speech, right?  Yield the
16  floor, stop speaking, call it whatever you want, it's
17  the same thing, right?
18    A.  Okay.
19    Q.  If he came back at your next open mike
20  and gave the exact same speech, and now he does, in
21  fact, have a case pending against Westminster, and
22  there will be more cases against Westminster, I will
23  also inform you of that, why would you let him talk?
24    A.  On the advice of the City attorney.  I
25  would look to get guidance from them at that time.

Page 31

1    Q.  Okay.  Well, here's what we have:  We
2  have August 11, 2014, you stop him from speaking.
3  You've acknowledged that?
4    A.  Uh-huh.
5    Q.  You invite him back on August 25 and
6  apologize to him; is that correct?
7    A.  For the incident that night.
8    Q.  For the incident on the 14th -- on the
9  11th, right?
10    A.  Yes.
11    Q.  And you then let him make his speech;
12  is that correct?
13    A.  Yes.
14    Q.  And you can give me no legal basis for
15  why you stopped him, right?  There's no rule, there's
16  no law, there's no nothing that says, Just because
17  you have a pending case, doesn't mean you can't talk
18  about it, right?
19    MR. RICE:  Object as asked and
20  answered.  This is the third time.  Go ahead.
21    A.  Yes.
22    Q.  (By Mr. Lane)  So explain to me in your
23  own words why you believe you have not violated his
24  rights under the First Amendment to the United States
25  Constitution?

Page 32

1    MR. RICE:  Object as calling for a
2  legal conclusion, but go ahead and answer.
3    A.  I don't believe I violated his rights
4  because I wasn't stopping him from the speech, which
5  he did give at a later time.  I stopped him for his
6  conduct and failing to stop when he was asked.
7  Nothing says that he wouldn't get his five minutes as
8  he asked.
9    He would have been given his five
10  minutes, but he didn't yield to the floor so that I
11  could respond to him, I would have let him continue.
12    Q.  (By Mr. Lane)  Well, you made the
13  statement to the audience afterwards, I hope you
14  understand, why we did it, it's because he's got a
15  pending lawsuit against the City, and we can't hear
16  that, right?  And that's what you told Mr. Brandt
17  during his speech too, essentially, isn't it?
18    A.  Yes.
19    Q.  Is that true?
20    A.  In hindsight, may not be.
21    Q.  Well, it may not be, or it's just not?
22    A.  Under the procedures, no.
23    Q.  Under what procedures, no?
24    A.  The ones you were asking about.  We
25  have got no particular procedures, as you've defined,

Case 1:14-cv-02994-DDD-NYW Document 29-1 Filed 11/17/15 USDC Colorado Page 10 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

Page 33

1  that would prevent him from doing it.
2     Q.  Okay.  So when you told Eric Brandt
3  that, We can't hear anything about your pending
4  lawsuit, you acknowledge now that that is simply not
5  a true statement?
6     A.  Yes.
7     Q.  But that is -- all right.  Okay.  Now,
8  presumably Eric Brandt would have known if he had a
9  pending lawsuit against Westminster?  You would
10 assume so, right?
11    A.  Yes.
12    Q.  What discussions have you had with City
13 council members about Eric Brandt generally?
14            MR. RICE:  The only thing I'll say,
15 Mayor, is to the extent those discussions occurred
16 with legal counsel, then you shouldn't discuss that.
17 But otherwise, feel free to answer his question.
18    Q.  (By Mr. Lane)  Let me broaden it to
19 City council or the police.  Because you know, Eric
20 Brandt is an ongoing issue in Westminster, correct?
21    A.  I know Mr. Brandt is present in the
22 city periodically, yes.
23    Q.  And you know he has numerous cases
24 pending in Westminster Municipal Court, right?
25    A.  I believe so.

Page 34

1     Q.  And you have had discussions with the
2  police and the City council on what to do with Eric
3  Brandt, haven't you?
4            MR. RICE:  Same caution, to the extent
5  any of those discussions occurred with legal counsel,
6  you should not answer.  But to the extent you had
7  discussions out of the presence of legal counsel, you
8  should answer.
9     A.  I think there have been discussions of
10 concern of Mr. Brandt's action on City property and
11 engaging with City staff.
12    Q.  (By Mr. Lane)  Okay.  And who have you
13 had those discussions with?
14    A.  Probably some of my fellow council
15 members.
16    Q.  Okay.  And you've had discussions with
17 your fellow council members about this case, haven't
18 you?
19    A.  In the presence of our attorneys, yes.
20    Q.  Just in the presence of your attorneys?
21 You've never sat down over lunch with anybody on the
22 City council or wandered down to their office or had
23 a phone call without a lawyer being there about,
24 Jeez, we really -- we're in federal court now or what
25 are we going to do, how are we going to deal with

Page 35

1  this?
2            MR. RICE:  I'm going to object to the
3  form of the question.  It's more of a statement than
4  a question.  Go ahead.
5     A.  To the best of my recollection, if we
6  have had any discussions, they have been in the
7  presence of our City attorneys.  I don't recall --
8  first of all, we don't have offices and stuff like
9  that at City Hall.  I don't recall conversations in
10 the light as you have described them.
11    Q.  (By Mr. Lane)  Well, you must have had
12 a discussion with City council about inviting Eric
13 Brandt back on the 25th of August, right?
14    A.  In concert with our City attorneys.
15    Q.  Okay.  What discussions have you had
16 with the police about getting Eric Brandt out of
17 town, keeping Eric Brandt out of town?
18    A.  I don't recall any specific
19 conversations to that effect.
20    Q.  Well, let me ask you this:  A
21 supervisor in the City attorney's office made the
22 comment that if Eric pleads guilty on some of his
23 municipal charges and agrees to stay out of
24 Westminster, he'll get minimal jail time and that'll
25 be the end of it.  But if he wants to fight every

Page 36

1  case, the City's going to ask for maximum jail time
2  on every conviction.  And she further said, My hands
3  are tied by City council.  Okay.  Did you tie the
4  hands of your prosecutors --
5     A.  No.
6     Q.  -- vis-a-vis Eric Brandt?
7            MR. RICE:  Object to the form of the
8  question.  Go ahead and answer.
9     A.  No.
10    Q.  (By Mr. Lane)  Has City council had
11 discussions about how to -- how best to prosecute
12 Eric Brandt?
13    A.  No.
14    Q.  Okay.  You view Eric Brandt as a
15 problem, don't you?
16    A.  No.
17    Q.  Some guy walking around with a big fuck
18 the cop sign in Westminster that has numerous cases
19 in Westminster is not a problem for you?
20    A.  No.
21    Q.  Have you taken citizen complaints about
22 Eric Brandt?
23    A.  Yes.
24    Q.  Numerous citizen complaints; isn't that
25 a correct statement?

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 11 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

Page 37

1   A.  Yes.
2   Q.  And what is the City's response to
3   these citizen complaints?
4   A.  I don't know that there have been any
5   responses from the City to citizens.  Someone had
6   contacted me, I have told them that it's his First
7   Amendment right, and we are leaving it alone.
8   Q.  Have you had discussions with
9   constituents about this lawsuit?
10  A.  I don't recall having discussions with
11  anybody other than counsel, our City attorney.
12  Q.  Did you hear the officer tell Eric if
13  he didn't leave right now, he's going to be arrested
14  for trespassing?
15  A.  Based on the tape I just heard, I heard
16  that comment.
17  Q.  Okay.  You heard that at the time it
18  was made also, didn't you?
19  A.  I believe so.
20  Q.  Okay.  Did you do anything to intervene
21  and stop the officer from arresting Eric Brandt?
22  A.  No.
23  Q.  Did you believe that Eric Brandt had
24  been committing a crime at the time he was arrested?
25  A.  No.

Page 38

1   Q.  Well, if he was not committing a crime
2   at the time he was arrested by a Westminster police
3   officer, then that would be a false arrest, would it
4   not?
5   A.  I don't know.
6   Q.  Well, arresting someone who's not
7   committing a crime seems to be not legal in your
8   opinion; is that correct?
9       MR. RICE:  Object to the form of the
10  question.  Go ahead and answer.
11  A.  Yes.
12  Q.  (By Mr. Lane)  Okay.  And you said you
13  saw Eric Brandt committing no crime, right?
14  A.  In my understanding of a crime, yes.
15  Q.  And you also knew that he was being
16  arrested; isn't that correct?
17  A.  I know he was told that if he didn't
18  comply, he would be arrested.
19  Q.  And he didn't comply, did he?
20  A.  That's correct.
21  Q.  And he was arrested, wasn't he?
22  A.  I believe so.
23  Q.  And based on your observations, he
24  hadn't committed any crime, to your knowledge; is
25  that correct?

Page 39

1   A.  Correct.
2       MR. LANE:  All right.  Why don't we
3   take a quick break.  And I may be done.  But I may
4   not be done.
5       (Break from 11:10 a.m. to 11:18 a.m.)
6       MR. LANE:  I think I'm done.
7       MR. MARKS:  I have no questions.
8       MR. RICE:  No questions.  As you asked,
9   I will put on the record that you'll send the
10  signature page to my attention, and I'll see that
11  Mr. Mayor Atchison has an opportunity to review and
12  sign.
13           * * * * * * * * *
14      WHEREUPON, the foregoing deposition was
15  concluded at the approximate hour of 11:18 a.m., on
16  September 17, 2015.

Page 40

1   I, MAYOR HERBERT L. ATCHISON, the
2   deponent in the above deposition, do hereby
3   acknowledge that I have read the foregoing transcript
4   of my testimony, and state under oath that it,
5   together with any attached Amendment to Deposition
6   pages, constitute my sworn testimony.

8   _____  I have made changes to my deposition.
9   _____  I have NOT made any changes to my deposition.

12          _____
                MAYOR HERBERT L. ATCHISON

14      Subscribed and sworn to before me this
15  _____day of _____, 20____.
16      My commission expires: _____

20          _____
                    Notary Public
21              Address:

Case 1:14-cv-02994-DDD-NYW Document 29-1 Filed 11/17/15 USDC Colorado Page 12 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

Page 41

```
 1   STATE OF COLORADO)
                     ) ss.       REPORTER'S CERTIFICATE
 2   COUNTY OF DENVER )
 3             I, Chandra L. Monis, Registered
 4   Professional Reporter and Notary Public within the
 5   State of Colorado, do hereby certify that previous to
 6   the commencement of the examination, the deponent was
 7   duly sworn by me to testify to the truth.
 8             I further certify this deposition was
 9   taken in shorthand by me at the time and place herein
10   set forth and thereafter reduced to typewritten form,
11   that the foregoing constitutes a true and correct
12   transcript.
13             I further certify that I am not related
14   to, employed by, nor of counsel for any of the
15   parties or attorneys herein, nor otherwise interested
16   in the result of the within action.
17             In witness whereof, I have hereunto
18   affixed my hand and seal.
19   My commission expires:  September 9, 2019.
20
21
22
23                   _____
                     Chandra L. Monis
24                   Registered Professional Reporter
                     Notary
25
```

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 13 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

**1**

**1** 14:14
**11** 9:10 10:4,9,23 11:8,23 14:14,15 21:3 23:6,24 25:1,23 26:7,18 27:14,18 28:8,14,17 29:9 30:2 31:2
**11:10** 39:5
**11:18** 39:5,15
**11th** 12:16 13:11 31:9
**14th** 31:8
**17** 39:16
**18** 11:16

**2**

**2014** 9:10 10:4,9,23 11:9 14:15 21:3 25:23 26:8 27:14 28:10,14,17 29:9 31:2
**2015** 39:16
**25** 11:23 23:7 24:9,21 30:2 31:5
**25th** 11:19,20 12:16 13:14 35:13
**28** 14:15

**A**

**A-t-c-h-i-s-o-n** 4:10
**a.m.** 39:5,15
**absolutely** 19:14
**accurate** 14:18
**acknowledge** 14:22, 24 33:4
**acknowledged** 24:16 31:3
**action** 15:9,12 27:14 34:10
**activity** 20:9,16 26:17
**address** 18:11

**adhere** 13:1
**admonished** 28:7
**advice** 13:1 30:24
**advise** 9:1
**agree** 25:22 26:15,19
**agrees** 35:23
**ahead** 9:12,17 16:21 23:20 27:2,10 31:20 32:2 35:4 36:8 38:10
**air** 8:19
**alleged** 6:21 8:2
**allergies** 6:9
**allowed** 7:13,15 8:21 11:23 13:11,15 15:6 18:11 26:24 27:7
**Amendment** 6:23 7:1,5,23 8:2 13:20, 23,25 20:4 21:4 24:17,25 25:14,16,19 26:1,17 31:24 37:7
**America** 25:6
**angry** 22:22 23:2
**apologize** 8:18 23:11,14 31:6
**apologized** 8:15 23:7
**apology** 23:12
**apparently** 24:8
**approached** 16:4
**approximate** 39:15
**approximately** 11:15
**arrest** 38:3
**arrested** 8:3 37:13, 24 38:2,16,18,21
**arresting** 37:21 38:6
**asks** 12:12
**aspect** 26:1 28:11
**assume** 33:10
**Atchison** 4:2,9 39:11
**attention** 39:10
**attorney** 4:15 6:6 9:2 13:2,18 18:22 23:9

29:5,7 30:24 37:11
**attorney's** 35:21
**attorney-client** 10:16
**attorneys** 10:13,14 11:5 12:5,11,13 13:4, 7 15:11 34:19,20 35:7,14
**audience** 32:13
**audio** 14:7,16,17
**audiotape** 8:10
**August** 9:10 10:4,9, 23 11:8,16,23 12:16 14:14 23:6,7,24 24:9, 21 25:1,23 26:7,18 27:14,18 28:8,14,17 29:9 30:2 31:2,5 35:13

**B**

**back** 7:15 8:20 11:15 19:6 23:8 24:6,10 30:19 31:5 35:13
**bad** 6:10
**based** 13:24 14:1 15:1 17:10,21,25 20:19 29:17 37:15 38:23
**basically** 21:6
**basis** 10:15 31:14
**beautiful** 17:14
**big** 15:25 27:23 36:17
**bird** 15:25
**book** 28:16
**Brandt** 6:16,20 8:16 9:8 10:4,9,22 12:18 15:17,24 18:19 19:18,21 20:15 21:6, 14,19 22:8,12,17 23:3 25:23 26:16 27:19 28:7,13 29:21, 25 32:16 33:2,8,13, 20,21 34:3 35:13,16, 17 36:6,12,14,22 37:21,23 38:13
**Brandt's** 34:10

**break** 39:3,5
**briefly** 5:5
**broaden** 33:18

**C**

**call** 30:14,16 34:23
**calling** 32:1
**case** 8:25 9:4,8,13, 16,20,23 11:3 13:4,7 15:17 16:12 19:1 26:25 29:18,21 30:5, 21 31:17 34:17 36:1
**cases** 12:18 15:16 18:25 30:22 33:23 36:18
**caution** 34:4
**caveat** 6:4
**chair** 21:9
**change** 22:24
**changed** 13:17 23:6 29:16
**charges** 35:23
**chief** 28:2
**citizen** 36:21,24 37:3
**citizens** 26:8,12 37:5
**city** 4:14 6:15,18 9:9 13:18 14:1,14 15:4,6, 8,13 16:8 18:11 19:3, 8 21:2 23:9 26:7,22 27:5,7,8,14,17,21 29:4,7,19,21 30:24 32:15 33:12,19,22 34:2,10,11,22 35:7,9, 12,14,21 36:3,10 37:5,11
**City's** 36:1 37:2
**Claim** 6:15
**claims** 6:17,25
**clarify** 6:1
**clear** 8:19
**comment** 7:3 10:18 19:5 22:9 29:1,17 35:22 37:16
**commenting** 13:25

**comments** 15:1
**committed** 8:4 38:24
**committing** 37:24 38:1,7,13
**common** 19:11,15
**communications** 12:4
**complaint** 26:11
**complaints** 36:21,24 37:3
**comply** 38:18,19
**concern** 34:10
**concert** 35:14
**concluded** 39:15
**conclusion** 32:2
**conduct** 32:6
**consists** 25:11
**constituents** 37:9
**constitution** 20:4 25:6,9,10,14 31:25
**construction** 4:18
**consult** 6:3,6
**Consultation** 13:18
**consulting** 4:12,17
**contacted** 37:6
**content** 12:4 14:2 16:3 17:10,19,21,25 18:15 20:19
**contention** 20:22
**context** 5:10
**continue** 7:13,16 11:16 21:7,10 24:6, 12 32:11
**continued** 21:7
**continuing** 23:3
**conversation** 8:20 9:3 19:5
**conversations** 27:17 35:9,19
**conviction** 36:2
**cop** 36:18

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

**cops** 15:25

**correct** 7:16,24,25 11:6,21 13:15 16:5 17:5,6,8,11 18:1,2 19:10 20:24 21:15 22:11 24:6,7,18,22 25:11,20,24 31:6,12 33:20 36:25 38:8,16,20,25 39:1

**council** 9:9 14:1,14 15:4,6,8,13 16:8 18:12 19:2,8,14 21:2 26:7,22 27:8,14,17,22 28:5,7 33:13,19 34:2,14,17,22 35:12 36:3,10

**counsel** 12:22 33:16 34:5,7 37:11

**court** 5:20 19:1 33:24 34:24

**covers** 25:16

**crime** 8:4 37:24 38:1,7,13,14,24

**criticism** 26:11

**criticized** 27:16

**custom** 28:12

### D

**date** 7:13 11:17

**day** 19:18

**deal** 34:25

**deals** 10:12

**decided** 13:10,14

**decision** 19:2

**decorum** 26:21 27:5

**defend** 25:5,9

**defined** 32:25

**delayed** 20:23

**delivering** 18:17

**deposition** 5:3,7,15 39:14

**determination** 17:22

**development** 4:19

**dialog** 19:18

**difficult** 5:20

**direct** 19:2

**disapproved** 18:14

**disclose** 12:12

**discuss** 11:4 33:16

**discussed** 11:5 12:11

**discussion** 23:9 29:4,7 35:12

**discussions** 10:13,14 12:21 27:13 33:12,15 34:1,5,7,9,13,16 35:6,15 36:11 37:8,10

**disruptive** 7:21 21:12,13

**documents** 8:6

**duly** 4:3

### E

**earlier** 11:11

**easier** 14:13

**economic** 4:19

**effect** 21:22 27:24 35:19

**elected** 4:13

**employed** 4:11

**employment** 4:13

**encourage** 21:20

**end** 22:10 35:25

**engage** 19:17

**engaged** 20:9,15 25:23 26:16

**engaging** 34:11

**Eric** 9:8 10:4,9,22 12:18 15:17,24 19:18,21 20:15 25:23 26:16 27:19 28:7,13 29:21,25 33:2,8,13,19 34:2 35:12,16,17,22 36:6,12,14,22 37:12,21,23 38:13

**essentially** 22:19 32:17

**everybody's** 16:13

**everyone's** 23:21

**evidence** 18:24

**exact** 30:20

**EXAMINATION** 4:5

**Excuse** 6:9

**Exhibit** 14:14

**exist** 5:3

**exists** 26:2

**expect** 25:17

**explain** 31:22

**extent** 10:12 11:25 12:12,20 33:15 34:4,6

### F

**fact** 10:5 17:17 19:11 22:17 24:17 30:21

**facts** 26:24 27:8 28:21,23 29:2,16

**factual** 29:14

**failed** 21:8

**failing** 32:6

**fair** 14:18

**false** 38:3

**fat** 27:23

**fault** 23:18

**federal** 34:24

**feel** 33:17

**fellow** 34:14,17

**felt** 8:19,25 9:1

**fight** 35:25

**filed** 9:14,16

**finish** 23:8

**flash** 9:23 11:2

**flipping** 15:25

**floor** 30:9,11,16 32:10

**flower** 17:14

**foregoing** 39:14

**form** 9:11,25 16:17,20 23:19 35:3 36:7 38:9

**forum** 24:18

**Fourth** 8:2

**free** 25:20,23 33:17

**freedoms** 25:17,18

**friend** 22:7

**fuck** 15:25 36:17

**full** 8:14

**future** 7:15

### G

**gardens** 17:14

**gave** 11:11 16:5 30:20

**generally** 33:13

**Gentlemen** 11:12

**give** 30:1 31:14 32:5

**giving** 30:2,15

**government** 20:7,13,19 26:3,9,13,18 27:6

**grievances** 26:4,18

**guidance** 30:25

**guilty** 35:22

**guy** 36:17

**guys** 19:22

### H

**Hall** 35:9

**hands** 36:2,4

**happened** 14:7

**happening** 6:25

**he'll** 35:24

**head** 5:22

**hear** 18:24 22:24 32:15 33:3 37:12

**heard** 8:13 10:18,22 11:9 14:8 37:15,17

**hearing** 15:8 16:11,14 18:24

**Herbert** 4:2,9

**hindsight** 32:20

**homeowners'** 5:12

**hope** 32:13

**hour** 39:15

**huh-uh** 5:21

### I

**ignoring** 23:3

**implicitly** 12:7

**important** 9:2

**inappropriate** 21:18,24

**incident** 14:19 23:16 29:11 31:7,8

**inform** 12:17 30:23

**informed** 22:12

**instructed** 10:15

**instructing** 12:14

**instruction** 11:10 12:19 27:10

**intent** 16:19 18:20

**interrupt** 21:21

**interrupting** 22:19

**interruption** 24:21

**intervene** 37:20

**intervened** 11:4

**invite** 31:5

**invited** 11:14 16:8 23:7 24:5,9

**inviting** 35:12

**issue** 8:24 16:12 33:20

**issues** 17:18

Case 1:14-cv-02994-DDD-NYW   Document 29-1   Filed 11/17/15   USDC Colorado   Page 15 of 17

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

## J

**jail**  7:14,17,18 35:24 36:1

**Jeez**  27:22 34:24

## K

**keeping**  35:17

**kind**  4:17

**knew**  11:1 15:23 38:15

**knowledge**  25:10 29:10,13,14 38:24

## L

**Lane**  4:6 9:15,19 10:3,17,20 11:6,14, 17,20 12:1,6,9,15,24 13:6 14:3 16:18,23 23:22 27:4,12 31:22 32:12 33:18 34:12 35:11 36:10 38:12 39:2,6

**law**  18:9 20:8 31:16

**lawsuit**  5:12 11:8 14:25 15:5 18:10,12, 21 26:23 27:6 28:25 32:15 33:4,9 37:9

**lawsuits**  10:4,10,22 11:1

**lawyer**  25:4 34:23

**leave**  37:13

**leaving**  37:7

**left**  24:24

**legal**  4:9 12:21 29:6, 13 31:14 32:2 33:16 34:5,7 38:7

**legislative**  18:23

**level**  18:24

**lie**  16:14

**light**  35:10

**listened**  8:10 14:6

**listening**  15:13

**long**  4:23

**loud**  21:17

**lunch**  34:21

## M

**made**  6:15 17:22 22:9,22 24:13 29:1 32:12 35:21 37:18

**make**  13:11,15 14:4, 13 19:2,8 23:4 24:20 31:11

**making**  18:19 19:25 20:10 21:15 22:2 24:12,17,25

**management**  4:18

**mark**  14:15

**MARKS**  39:7

**matter**  20:8

**maximum**  36:1

**mayor**  4:2,20,23 6:18 25:4 27:22 28:1 33:15 39:11

**means**  30:11

**meeting**  8:11 9:9 14:1,14 15:4,6,8,13 23:24 26:7 27:8

**member**  4:14 16:7 27:21

**members**  27:13,17 33:13 34:15,17

**mess**  27:23

**message**  18:15

**mike**  14:1 15:4,14 18:12 26:7,12,25 30:1,19

**mikes**  29:23

**mind**  13:17 21:5

**minimal**  35:24

**minute**  10:9 14:15

**minutes**  16:10 19:12,13 21:21 22:8, 9,20 32:7,10

**misconduct**  22:3

**municipal**  33:24 35:23

## N

**nature**  6:24

**necessarily**  28:19

**needed**  8:19 9:1

**news**  9:23 10:6 11:2

**night**  7:19 29:11,12 31:7

**nod**  5:22

**November**  4:24

**numerous**  33:23 36:18,24

## O

**oath**  25:5

**object**  9:11,25 16:16, 20 23:19 27:1 31:19 32:1 35:2 36:7 38:9

**objection**  9:17 27:9

**objectionable**  13:5

**observations**  38:23

**occurred**  23:16 33:15 34:5

**October**  21:3 23:24

**office**  34:22 35:21

**officer**  18:6 37:12,21 38:3

**offices**  35:8

**official**  28:12

**ongoing**  33:20

**open**  14:1 15:4,14 18:12 26:6,12,25 29:23 30:1,19

**opinion**  13:21 21:11 38:8

**opportunity**  39:11

**oral/verbal**  19:8

**order**  25:8

**ordinance**  18:9

**outset**  22:6

## P

**paraphrasing**  16:18

**part**  12:22 25:14 26:2

**parties**  15:11 19:6

**Pause**  30:13

**pending**  6:5 8:25 9:4,8,20,22 10:4,10, 22 11:8 12:18 13:8 14:25 15:5,10 18:11 26:23 27:6 28:25 29:18,21 30:5,21 31:17 32:15 33:3,9, 24

**people**  15:14 19:11 20:9

**peppering**  19:22

**perfectly**  5:25

**period**  7:3 19:5 22:9

**periodically**  33:22

**permitted**  20:8

**person**  15:4 18:10

**personally**  15:23

**petition**  26:3,13

**petitioning**  26:17

**phone**  34:23

**play**  14:10

**playing**  14:16

**pleads**  35:22

**podium**  16:5 19:18 21:2 28:8,13

**point**  7:10 9:3,24 18:5,8,19 21:4,19 22:25 26:12

**police**  16:25 17:18 18:6 20:1 22:3 33:19 34:2 35:16 38:2

**policy**  28:12

**policymaker**  28:2

**portion**  8:13 14:8

**position**  24:9

**practice**  4:12 28:12

**praise**  26:10

**prefer**  18:21

**preparation**  8:7

**presence**  34:7,19,20 35:7

**present**  9:2 15:11 18:6,22 33:21

**presentation**  21:8

**preserve**  25:5,8

**pretty**  16:10

**prevent**  33:1

**previously**  24:13

**prior**  8:11

**private**  4:12 27:17

**privilege**  10:16

**probable**  8:3

**problem**  36:15,19

**procedures**  32:22, 23,25

**proceeded**  27:18

**Project**  4:18

**property**  34:10

**prosecute**  36:11

**prosecutors**  36:4

**protect**  25:5,8

**protected**  8:23 20:5, 9,15 21:2 24:17 25:1 26:17

**protects**  25:20

**protest**  15:18 16:24 17:18 20:1

**protests**  22:3

**protocol**  18:9 26:22 27:5

**public**  7:3 16:11,14 19:5 23:17 24:18

**purpose**  26:6

**put**  39:9

**putting**  11:7

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

### Q

**question**  6:5 7:12 9:12 10:1,2,11 11:11 12:12,23 13:5 16:7, 21 22:18 23:20 33:17 35:3,4 36:8 38:10

**questions**  5:24 14:13 19:23 39:7,8

**quick**  39:3

### R

**read**  8:6

**reason**  6:14 15:2

**recall**  27:20,25 35:7, 9,18 37:10

**recollection**  35:5

**record**  4:8 39:9

**recording**  14:19

**redress**  26:3,18

**referring**  12:21 15:21

**refused**  21:7

**regard**  11:11

**removed**  7:18,20 17:7,10 18:5 28:8,13

**repeat**  10:2 14:3 27:3

**rephrase**  6:1

**reporter**  5:21

**representative**  20:12,18

**request**  21:9

**required**  23:12

**requiring**  19:7

**resident**  5:13

**respond**  11:13 19:22 32:11

**responded**  22:18

**response**  19:8,14 37:2

**responses**  37:5

**rethought**  24:8

**review**  39:11

**Rice**  5:3 6:4 9:11,17, 25 10:11,19,25 11:10,18,25 12:3,7, 10,19 13:3 16:16,20 23:19 27:1,9 31:19 32:1 33:14 34:4 35:2 36:7 38:9 39:8

**rights**  6:23 7:1 13:20 31:24 32:3

**room**  7:19,20 16:9 22:13

**rudimentary**  25:10

**rule**  5:17 15:3 18:8 26:21 27:5 31:15

**rules**  5:2 26:22

**running**  15:24

### S

**sat**  34:21

**send**  39:9

**sensor**  20:8

**September**  39:16

**set**  16:11

**setting**  19:4

**shake**  5:21

**shut**  20:8,19,23 21:3

**sic**  21:3

**sign**  15:25 36:18 39:12

**signature**  39:10

**simple**  14:4

**simply**  15:13 18:14 19:25 22:2 33:4

**sir**  4:7,22 10:19 12:25 13:2

**sit**  9:7,19 10:21 14:22 19:13

**smooth**  14:12

**speaking**  24:3 30:16 31:2

**specific**  35:18

**speech**  8:23 11:16 13:11,15 16:5 17:25 18:18 19:25 20:5,10, 16,20,24 21:2,15 22:3,6 23:4,8 24:13, 16,18,21 25:1,20,24 26:19 30:1,15,20 31:11 32:4,17

**spell**  4:8

**staff**  19:3 34:11

**started**  15:17

**starts**  16:24

**state**  4:3,7

**statement**  32:13 33:5 35:3 36:25

**States**  20:4 25:6 31:24

**stay**  35:23

**stop**  7:12 8:22 13:25 17:2,4,5,22,24 18:3, 17 21:9,10,14 22:14, 18 24:2 30:3,7,8,11, 13,16 31:2 32:6 37:21

**stopped**  7:2 14:17 17:9,15 24:25 31:15 32:5

**stopping**  7:11 30:15 32:4

**stuff**  35:8

**sued**  4:25 9:8

**supervisor**  35:21

**sworn**  4:3

### T

**table**  11:8

**taking**  15:12

**talk**  11:23 15:6,14,15, 18 16:9,15 18:21 21:10 26:10,24 27:7 30:23 31:17

**talked**  12:13

**talking**  11:24 13:12 14:2 16:4,24 17:2,10, 13,17,19,22 29:3

**tape**  37:15

**telling**  10:3,5

**testified**  4:4 10:20 13:19

**testify**  8:25

**testimony**  7:3,11 8:7 10:24 23:23 30:9

**that'll**  35:24

**thing**  8:14 30:17 33:14

**things**  10:12 14:12

**thought**  8:24

**tie**  36:3

**tied**  36:3

**time**  5:14 6:3 7:15 9:9,21 14:6,25 16:13 19:13 30:25 31:20 32:5 35:24 36:1 37:17,24 38:2

**today**  6:11,14 8:7,12 9:7,19 10:21 14:22, 24 23:23 29:9

**told**  9:22 10:8 11:3, 22 13:4 32:16 33:2 37:6 38:17

**tone**  22:25

**town**  35:17

**trespassing**  37:14

**trod**  5:17

**true**  32:19 33:5

**truth**  4:4

### U

**uh-huh**  5:16,21 30:6 31:4

**underlying**  26:25 27:8

**understand**  5:24 6:1,7,17,22 8:1 20:3, 7 25:3,19 26:4 32:14

**understanding**  6:13 9:6,13 13:24 15:7 25:3 38:14

**understood**  10:18

15:20 16:3

**United**  20:4 25:6 31:24

### V

**vent**  19:12

**videotape**  8:11

**view**  36:14

**violate**  13:20 28:11

**violated**  6:25 7:4,6, 23 31:23 32:3

**violation**  6:22 8:2 13:24 21:4

**vis-a-vis**  27:18 36:6

**voice**  22:25

### W

**walking**  36:17

**wandered**  34:22

**wanted**  8:21 16:10, 12 17:9 21:9 26:10

**waste**  16:13

**watched**  8:11

**week**  8:15 11:15

**weeks**  11:18 14:8 20:24 24:5

**Westminster**  4:14, 21 9:8 10:5,10,23 15:18,24 16:25 17:14,18 20:1,13 22:4 26:22,24 27:5 28:2,12 30:21,22 33:9,20,24 35:24 36:18,19 38:2

**withdrawn**  14:23

**words**  21:21 27:23 31:23

**world**  12:17

**wrong**  6:21 11:7 23:11,13,15,23

### Y

**years**  4:24

Eric Brandt vs.
The City of Westminster, Colorado, et al.

Deposition of Mayor Herbert L. Atchison
September 17, 2015

**yield**  21:6,8  22:7
30:9,11,15  32:10