**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02994-WYD-NYW

ERIC BRANDT,

      Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO, a municipality,
MAYOR HERB ATCHISON, in his official and individual capacity,
WESTMINSTER POLICE OFFICER PAUL E. NEWTON, in his official and individual capacity,

      Defendants.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Opposed Motion for Leave to File Amended Complaint ("Motion to Amend"). [#27, filed November 17, 2015]. Pursuant to the Order Referring Case dated November 5, 2014 [#6], the Order of Reassignment dated February 10, 2015 [#13], and the memorandum dated November 17, 2015 [#30], this matter was referred to the undersigned Magistrate Judge. After carefully reviewing the Motion and related briefing, the entire case file, and the applicable case law, I respectfully RECOMMEND that the Motion to Amend be DENIED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Eric Brandt ("Plaintiff" or "Mr. Brandt") initiated this action on November 4, 2014, pursuant to 42 U.S.C. § 1983 asserting violations of his First Amendment right to free speech and against retaliation and of his Fourth Amendment right to be free from unreasonable

seizure. [#1]. The claims arise out of a series of events that occurred during an August 11, 2014 public meeting of the Westminster City Council. Plaintiff alleges that Defendant Mayor Herb Atchison sought to prevent him from speaking "about the problems surrounding the police abuses in Westminster," and when Plaintiff refused to conclude his speech, Defendant Officer Paul Newton arrested him. Plaintiff was subsequently transported to the Westminster jail and later transferred to the Adams County jail and charged with obstructing a police officer and resisting arrest. [#1 at ¶¶ 11-16]. These charges were ultimately dismissed. [#1 at ¶ 17].

This court held a Scheduling Conference on March 5, 2015, and entered a Scheduling Order that required the Parties to designate affirmative and rebuttal experts no later than July 31, 2015 and August 28, 2015, respectively; join other parties and amend pleadings by April 20, 2015; complete discovery by October 2, 2015; and file dispositive motions on or before November 6, 2015. [#15, #16].

On September 24, 2015, upon the unopposed motion of Plaintiff, the court extended the deadline to complete discovery up to and including October 27, 2015, for "the sole purpose of conducting the deposition of Mr. Brandt." [#25]. This court granted a commensurate extension of the deadline by which to file dispositive motions, up to and including November 17, 2015. [*Id.*]  On November 17, 2015, Defendants the Mayor and the City of Westminster filed a Motion for Partial Summary Judgment [#26] and Defendant Officer Newton filed a Motion for Summary Judgment [#31]; and Plaintiff filed a Motion for Summary Judgment [#29] and the instant Motion to Amend [#27]. Defendants filed a Joint Response to the Motion to Amend on December 11, 2015. [#40]. Plaintiff filed a Reply on December 28, 2015. [#45].

**STANDARD OF REVIEW**

Under Tenth Circuit law, courts employ a two-step analysis in determining whether to allow a party to amend the pleadings after the deadline established by the Scheduling Order has passed. First, the court considers whether the moving party demonstrates good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.,* 771 F.3d 1230, 1241-42 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."). Next, the court weighs whether the amendment should be allowed pursuant to Rule 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch,* 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.,* 3 F.3d

1357, 1365 (10th Cir.1993).  Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

Plaintiff seeks to amend his Complaint to add a fourth claim pursuant to § 1983 for a First Amendment Violation Regarding the Right to Petition the Government for Redress of Grievances.  *See* [#27].  For support, Plaintiff asserts that "[t]he evidence adduced thus far in this case indicates that all parties agree that Mr. Brandt was addressing the Westminster City Council on the issue of police accountability when he was arrested," and Defendant Mayor Atchison confirmed during his deposition that he recognized Mr. Brandt was petitioning the government for redress of grievances at the August 11, 2014 meeting.  [*Id.* at 2].

Defendants oppose adding the fourth claim on the basis that "the content of Mr. Brandt's speech has been known since the day he filed his initial complaint," and Plaintiff fails to state good cause for the seven month delay in seeking the amendment.  [#40].  Indeed, Plaintiff provides no reason why he delayed until the end of discovery to seek amendment of his operative pleading [#27], and insists that he need not comply with Rule 16(b)(4) or state good cause. *See* [#45].  This court respectfully disagrees, particularly in light of the Tenth Circuit's explicit holding in *Gorsuch*.  *See* 771 F.3d at 1241-42.

This court further agrees that Plaintiff's opposed request to amend the Complaint is untimely and Plaintiff has failed to establish good cause for amendment of the deadline set for amendment of pleadings in the Scheduling Order.  The purpose of a deadline to amend pleadings and join parties contained in a Scheduling Order is to force the parties to prioritize their discovery and attempt to obtain information necessary for any amendments, sooner rather than

later, so that discovery may proceed in an orderly fashion. *See Valles v. Gen-X Echo B, Inc.*, Civil Action No. 13-cv-00201-RM-KLM, 2013 WL 5832782, *3 (D. Colo. Sept. 27, 2013), report and recommendation adopted *sub nom. Valles v. Gen-X Echo B, Inc.*, Civil Action No. 13-cv-00201-RM-KLM, 2013 WL 5832745 (D. Colo. Oct. 30, 2013) (citations omitted). As Defendants note, Plaintiff has at all times known the content and purpose of his speech at the August 11, 2014 meeting, and the Parties' initial disclosures exchanged on February 26 and 27, 2015, included an audio recording of that meeting. [#40 at 2]. Plaintiff does not state when Defendant Mayor Atchison was deposed, nor does he explain why the Mayor's deposition testimony was pivotal in recognizing the basis for a right to petition claim. Plaintiff suggests that the amendment "insures that [the Complaint] more closely conforms to the evidence adduced thus far," but does not provide any reason for why he was prevented from seeking the amendment prior to the April 20, 2015 deadline for amending pleadings. I find that Plaintiff simply has not shown he was unable to meet the amendment of pleadings deadline despite his most diligent efforts.

Because this court finds that Plaintiff fails to satisfy Rule 16(b), it need not undergo a Rule 15(a) analysis. *See Petekeiwicz v. Stembel*, No. 13–cv–01865–RM–KLM, 2015 WL 1740386, *4 (D. Colo. April 14, 2015) (Moore, J.) ("If good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure") (citing *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.* 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for untimeliness or undue delay.") (further citation and quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1)     The Motion to Amend be **DENIED**.[1]


DATED: January 6, 2016                                    BY THE COURT:


                                                          s/Nina Y. Wang
                                                          United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).