IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-2994-WYD-NYW

ERIC BRANDT,

     Plaintiff,

v.

THE CITY OF WESTMINSTER, COLORADO;
MAYOR HERB ATCHISON;
WESTMINSTER POLICE OFFICER PAUL E. NEWTON,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with Magistrate Judge Nina Y. Wang's Recommendation (ECF No. 49) ("Recommendation"), issued on January 6, 2016, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Wang recommends that Plaintiff's motion to for leave to file an amended complaint be denied.

Plaintiff initiated this action in November of 2014, asserting claims under § 1983 for violations of his First and Fourth Amendment rights.  Plaintiff claims that during public meeting before the Westminster City Council, he was prevented from voicing his opinions about the police force, and was subsequently arrested.  Charges against him were ultimately dismissed.  Magistrate Judge Wang held a Scheduling Conference in the current matter on March 5, 2015.  She set the following deadlines:  amend pleadings and join parties by April 20, 2015; designate experts by August 28, 2015;

1

complete discovery by October 2, 2015; and file dispositive motions by November 6, 2015.  Later, by way of unopposed motion, the discovery completion date was moved to October 27, 2015, and the date for any dispositive motions was moved to November 17, 2015.  Plaintiff then filed a motion for leave to amend his complaint on November 17, 2015.  Judge Wang recommended a denial of the motion, and Plaintiff filed an objection.

I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Judge Wang noted that under Tenth Circuit law, courts must conduct a two-step analysis in determining whether a party may amend pleadings after the scheduling order deadline has passed.  First, the party must demonstrate good cause pursuant to Fed. R. Civ. P. 16(b).  If good cause is established, then the court must determine if the amendment should be allowed pursuant to Fed. R. Civ. P. 15(a).  This standard was established in the Tenth Circuit case of *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1241-42 (10th Cir. 2014).  Plaintiff argues that courts are not required to conduct analysis under Rule 16(b), but only under Rule 15(a).  Clearly, the

Tenth Circuit's holding in *Gorsuch* defines the required analysis, and that includes a requirement to show good cause for the requested amendment.

As noted by Judge Wang, Plaintiff has failed to establish good cause for the requested amendment.  Plaintiff seeks to add an additional § 1983 claim for a First Amendment violation regarding the right to petition the Government for redress of grievances.   Plaintiff asserts that this new claim is necessary because he was addressing the Westminster City Council regarding issues for which he sought redress when he was arrested.  However, as noted by Judge Wang, "Plaintiff has at all times known the content and purpose of his speech at the [City Council] meeting," and he provides no reason why he waited until almost seven months after the pleading amendment deadline to request the amendment.  Since Plaintiff cannot meet his burden under Rule 16(b), the Court need not evaluate his request under Rule 15(a).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 49) is **AFFIRMED and ADOPTED**.  It is

FURTHER ORDERED that Plaintiff's Opposed Motion for Leave to File Amended Complaint (ECF No. 27) is **DENIED**.      It is

FURTHER ORDERED that Plaintiff's Objection to Recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 56) is **OVERRULED**.

Dated:  April 6, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge